John H. Kerrick *vs.* G. W. Van Dusen & Co.

July 19, 1884.

"Corn" Defined—Indian Corn.—The word "corn," referring to grain, as used in this country, ordinarily means Indian corn, and not the cereal grains generally, unless the meaning is enlarged by the circumstances of its employment.

Representation of Capacity of Mill.—A representation that a mill was capable of grinding 40 bushels of corn per hour, is not shown to be untrue by proof that it would grind only 15 bushels of mixed corn and oats per hour.

Evidence—Written Contract—Fraud.—The rule excluding parol evidence of an agreement, where the contract has been reduced to writing, has no application with respect to fraudulent inducements to the making of the contract, where the obligation of the contract is sought to be avoided by reason of the fraud.

Appeal by plaintiff from an order of the municipal court of Minneapolis, refusing a new trial.

*Robinson & Bartleson,* for appellant.

*Wilson & Lawrence,* for respondent.

DICKINSON, J.   This action is, in part, for the recovery of the price of a machine called the Richmond Under-running Corn Stone, which the defendants ordered to be furnished to them by the plaintiff at an agreed price.   The defence alleged to this cause of action is a false and fraudulent representation on the part of the plaintiff, inducing the defendants to purchase, that the machine would grind 40 bushels of corn per hour.   By the verdict of the jury this defence was allowed.   Our inquiry is as to whether it was sustained by the evidence.

There was sufficient proof of the making of the alleged representation, and that the purchase was induced thereby.   There was no evidence that the machine had not the represented capacity to grind corn, unless that fact is established by proof that it could not be, made to grind more than about 15 bushels of mixed feed—corn and oats— per hour.   In this country the word "corn" is now generally and popularly restricted in its meaning to maize or Indian corn.   Webst. Dict.   That is the ordinary import of the word, unless the meaning is enlarged by the circumstances of its employment.   There being nothing to show that the word, as used in the representations made by the plaintiff, had, or was understood to have, any other than this restricted and popular meaning, we construe the allegations of the answer and the language of the witnesses accordingly.   From the fact that the machine would not grind the designated quantity of mixed corn and oats per hour, it cannot be inferred that it was incapable of grinding that quantity of corn alone.   The evidence indicates, what may very probably be the fact, that the action of the machine upon the different kinds of grain would be different.   The defendant's millwright testified of this machine: "By increasing the speed we could grind about eighteen bushels.   We could increase the speed and grind faster, but when we did the corn would be ground, but the sluices would not take hold of the oats."   We think there is no evidence to sustain the conclusion that the machine had not the represented capacity for grinding corn.

The appellant contends that parol evidence of the representations was not admissible, the contract having been, as is claimed, reduced

to writing. The rule invoked has no application in respect to fraudulent inducements to the making of the contract, and where the obligation of the contract is sought to be avoided by reason of the fraud. 2 Phil. Ev. 688; 1 Greenl. Ev. § 284.

Order reversed.