CHARLES SCHLAUDERAFF AND ANOTHER v. EVAN L. WORTHAM.[1]

April 5, 1918.

No. 20,836.

**Vendor and purchaser — fraud of vendor — verdict sustained by evidence.**

1. In an action founded on certain alleged false and fraudulent representations in the sale of real property by defendant to plaintiffs, it is *held* that the evidence supports the verdict and that there was no error in the admission of evidence.

**Same — question for jury.**

2. The question whether plaintiffs relied upon the alleged representations in entering into the contract, or upon certain government plats or maps containing notations as to the character of the land was one of fact for the jury.

Action transferred to the district court for Ramsey county to recover $7,500 for false and fraudulent representations in the sale of certain land. The facts are stated in the opinion. The case was tried before Hanft, J., and a jury which returned a verdict for $8,266.25. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Arthur Christofferson, A. B. Christofferson* and *Earl F. Jackson* for appellant.

*Einar Hoidale* and *Edward Nelson,* for respondents.

BROWN, C. J.

Defendant was the owner of about 5,000 acres of land situated in Lake county this state. On April 17, 1915, in reliance upon certain representations of defendant that the land was fit and suitable for agricultural purposes, plaintiffs entered into an executory contract for the purchase of the same. The contract was in the usual form of such instruments and was executed in due form of law. The purchase price

[1]Reported in 167 N. W. 118.

of the land was the sum of $27,500 payable at stated times in the future; $2,500 of which was paid down, and a subsequent instalment of $5,000 was paid on the twenty-ninth of April, 1915. On the theory and claim that the representations concerning the character of the land which induced and brought about the contract were false and fraudulent, plaintiffs, upon the discovery thereof in June, 1916, rescinded the contract by notice to defendant, tendered him a deed in due form conveying back all interest in the land which they acquired of record by the contract, and demanded a return of the money theretofore paid upon the contract. Defendant disputed the claim of false and fraudulent representations and the right of plaintiff to rescind the contract and refused to return the money paid thereon. Plaintiffs thereafter brought this action to recover the payment so made, alleging as a basis for the right to recover the false and fraudulent representations and the rescission of the contract in the manner stated. The answer put in issue all the material allegations of the complaint. Plaintiffs had a verdict and defendant appealed from an order denying a new trial.

The assignments of error present two questions, namely: (1) Whether the verdict is supported by sufficient competent evidence; and (2) whether there was error in the admission of certain evidence over the objection and exception of defendant; neither of which requires extended discussion and both must be answered adversely to defendant.

1. Plaintiffs are farmers and at the time of the transaction were residing upon and operating farms owned by them in Le Sueur county. It does not appear that they ever had any practical experience in dealing in lands, though they do appear to be of average capacity. The evidence tends to show and the jury was justified in finding that to induce them to enter into the contract defendant through his agent, one Mathews, who had the matter in charge, made the representations concerning the character of the land heretofore stated, that such representations were false and untrue and that the land is wholly unsuited for agricultural purposes. We have read the record with care and discover no reason for disturbing the verdict of the jury in this respect. The evidence is clear enough that Mathews, though not generally in the service of defendant, was representing him in this transaction, and was not acting independently as a real estate broker. The jury was

also justified in finding that the representations made by him were the inducing cause of the contract and were direct, specific and without qualification, the falsity of which, if plaintiffs were entitled to rely thereon, justified a rescission of the contract.

The principal contention of defendant upon this branch of the case is that plaintiffs had no right to rely upon the alleged representations because they had independent information as to the character of the land, found in certain soil maps or plats on file in the office of the secretary of state, which plaintiffs consulted and examined before the negotiations were closed. Defendant also claims that the agent Mathews expressly stated to plaintiffs that he knew nothing about the land except as disclosed by the soil notations upon the maps, and that no other representations were made at any time during the negotiations. Mathews so testified. But the jury found adversely to this claim. Plaintiffs admitted that their attention was called to the soil maps and that they examined them. But they further testified that they did not understand them or the notations thereon and placed no reliance upon the information thus given in making the purchase. And again, the maps were in a measure incomplete and did not purport to disclose the character of the land taken as a whole, the notations being limited to the kind of soil along the section lines, and the presence of timber at the end of such lines. Those facts were gathered from the field notes made by the surveyors at the time the lands were surveyed by the government, and much of the information was expressed in abbreviations.

We are clear that plaintiffs were not bound by the plats. The fact that public records may disclose information concerning land and the general character thereof does not preclude reliance upon representations as to the kind and quality of the soil, made to induce and bring about a sale thereof. Porter v. Fletcher, 25 Minn. 493; Olson v. Orton, 28 Minn. 36, 8 N. W. 878, and numerous citations in 2 Notes on Minnesota Reports, 168. Nor will knowledge or the examination of records of the character of the plats here before the court preclude such reliance where they are not full and complete and are not understood and comprehended by the purchaser, even though to some extent he may have relied upon information thereby disclosed. Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811. It was for the jury to say whether

plaintiffs fully understood the maps and the notations referred to, and whether they relied thereon in entering into the contract.

2. The evidence claimed to have been erroneously admitted consisted in conversations had between plaintiff and Mathews relative to a resale of the land, a prospective resale having been in part the purpose of and an inducing element in the transaction. The statements complained of were made prior to the payment of the second instalment of the purchase price, and were to the effect that such purchasers would be forthcoming as soon as a contract was entered into between plaintiffs and a Chicago broker. Following assurances of this kind the second payment was made. But no purchasers were produced and subsequent investigation by plaintiffs disclosed the fraud complained of. There was no error in the admission of the evidence.

Order affirmed.