HELMER HELLEBUST and Alfred Hellebust, Respondents, v. EDWIN BONDE, T. S. Stuart, and H. J. Hartvig, Copartners, Doing Business under the Firm Name and Style of Divide County Development Association, Appellants.

(172 N. W. 812.)

In an action brought to recover money paid under an alleged agreement whereby the defendants were to pay over the money to the United States and to the county to enable the plaintiffs to perfect a filing and entry under the United States Homestead Laws, it is *held:*

**Misrepresentation of law— action for — deceit — promise no intention to perform.**

1. While a misrepresentation of law may not support an action for deceit under § 5944, Compiled Laws of 1913, a promise by the defendants to pay to the government and to a county money which is not required to be paid may be considered "a promise made without any intention of performing," within § 5944.

**Money paid — not applied — when recoverable.**

2. Where money is alleged to have been paid to the defendants to be applied on behalf of the plaintiffs, and it cannot be so applied, it may be recovered back.

**Contract— inducement — misapprehension of law — rescission—when.**

3. Where a contract is induced under a misapprehension of law by one party, of which the other is aware, the contract may be rescinded under § 5855, Compiled Laws of 1913. Orth v. Procise, 38 N. D. 580.

Opinion filed May 13, 1919.

Appeal from Divide County, *K. E. Leighton,* J.
Affirmed.
*Brace & Stuart,* for appellants.

A false representation as to the law, in the absence or concealment of fact, does not amount to fraud if there is no relation of trust or confidence between the parties. 14 Am. & Eng. Enc. Law, 54, and notes; Platt v. Scott, 6 Blackf. 389, 39 Am. Dec. 436; Gormely v. Gynmastic Asso. 55 Wis. 350, 13 N. W. 242; see also Hubbard v. Mc-Lean, 115 Wis. 9, 99 N. W. 465; Hinckley v. Sack Oil Co. 132 Iowa, 396; Schnider v. Schnider, 96 N. W. 159; 6 Enc. Ev. 71; 14 Am. & Eng. Enc. Law, 54, General rule and illustrations, pp. 55, 56, and footnotes; and Doctrine in Equity, p. 57; Parker v. Thomas, 81 Am. Dec. 385; Clemm v. Newcastle & D. R. Co. 9 Ind. 488; Wood v. Roeder, 45 Neb. 311, 46 Am. Rep. 357, 70 N. W. 21; Platt v. Scott, 6 Blackf. 389, 39 Am. Dec. 436; Prince v. Overholser, 44 N. W. 775.

When the representation affirms something not allowed by or contrary to law, the presumption is conclusive that the party knows the law and consequently does not rely upon the false representations. 6 Enc. Ev. 71; 14 Am. & Eng. Enc. Law, 54, General rule and illustrations, pp. 55, 56 and footnotes; and Doctrine in Equity, p. 57; Parker v. Thomas, 81 Am. Dec. 385; Clemm v. Newcastle & D. R. Co. 9 Ind. 488; Wood v. Roeder, 45 Neb. 311, 46 Am. Rep. 357, 70 N. W. 21; Platt v. Scott, 6 Blackf. 389, 39 Am. Dec. 436; Prince v. Overholser, 44 N. W. 775; Gormely v. Gymnastic Asso. 13 N. W. 242; Thompson v. Phœnix Ins. Co. 75 Me. 35, 46 Am. Rep. 357.

A misrepresentation in order to support an action for damages must be a misrepresentation going to the quality, value, situation, or other matter or thing affecting the value of the consideration for which the injured party claims to recover damages. Winston v. Young, 47 Minn. 80, 53 N. W. 1015; Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360; Bigelow, Torts 17; Grinell, Deceit, 4, 45, 50 and cases cited; Parker v. Wheeler, 149 Ill. App. 579; Burn v. San Gabriel River Block Co. 136 Pac. 544; Page v. Parker, 43 N. H. 363, 80 Am. Dec. 172.

It must be shown by affirmative proof that without the alleged false representations the injured party would not have entered into the contract. 10 Standard Procedure, 52 et seq., 8 Enc. Pl. & Pr. 872; Hodges v. Coleman, 76 Ala. 103; Judson v. Pickett, 78 Ala. 338; Sprague v. Taylor, 58 Conn. 542; Burns v. Wilson, 22 Minn. 210.

In order to afford grounds for action, any misrepresentations made must be of such a nature as to be an inducement to the contract. 8 Enc. Pl. & Pr. 872; Judson v. Pickett, 78 Ala. 338; Sprague v. Taylor, 58 Conn. 542; Burns v. Wilson, 22 Minn. 210; Gelpeke v. Blake, 19 Iowa, 263; Cortwright v. Stickler, 37 Iowa, 382; Knoll v. Horton, 50 Iowa, 687; 14 Am. & Eng. Enc. Law, 59 and 60; Sutherland, Damages, 549; Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360.

The measure of damages for misrepresentations is the difference in the value between what was received or parted with and what would have been received or parted with had the representations been true. Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 632, 8 Ann. Cas. 1057, and cases cited; Fargo Gaslight & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219, 37 L.R.A. 593, 59 N. W. 1066; Page v. Parker, 43 N. H. 363, 80 Am. Dec. 173; 8 Enc. Pl. & Pr. 908; Holton v. Noble, 83 Cal. 7; Bartlett v. Blaine, 83 Ill. 25; Danforth v. Cushing, 77 Me. 183; Fuller v. Hudson, 25 Me. 243; Brown v. Blunt, 72 Me. 415; Shinnabarger v. Shelton, 41 Mo. App. 147; 14 Am. & Eng. Enc. Law, 140; Carpenter Paper Co. v. News Pub. Co. 63 Neb. 59.

*George P. Homnes,* for respondents.

The presumption that everyone knows the law is not applicable where a relation of confidence existed between the parties. Topolewske v. Plankington Packing Co. 126 N. W. 561; Brent v. State, 43 Ala. 297.

The rule requiring investigation by the person to whom made does not apply if any relation of trust or confidence exists between the parties. 20 Cyc. pp. 34, 35; 12 R. C. L. 232–234, § 5.

BIRDZELL, J. This is an appeal from an order of the district court of Divide county, overruling a demurrer to the complaint. The action is one for the recovery of damages alleged to have been occasioned by the making of certain false representations which induced the plaintiffs to part with the sum of $500. The complaint alleges the making of the following agreement:

This agreement entered into this 14th day of April, A. D. 1915, between Divide County Development Association by Edwin Bonde,

President, of Crosby, North Dakota, party of the first part, and Helmer Hellebust and Alfred Hellebust, parties of the second part:

Witnesseth: that party of the first part agrees to secure filing receipt to the southwest quarter of section nine, township one hundred sixty-three, north of range one hundred two west of the fifth principal meridian, situated in Divide county, North Dakota, for Alfred Hellebust, and filing receipt for the east one half of the northeast quarter and the northwest quarter of the northeast quarter, and the northeast quarter of the northeast quarter, of section twenty-eight of township one hundred sixty-three, north of range one hundred two west of the fifth principal meridian, situated in Divide county, North Dakota, for Helmer Hellebust, and parties of the second part agree to deposit in the Citizens National Bank, Crosby, North Dakota, this day to the credit of Divide County Development Association, five hundred thirty dollars in cash and one note for seventy dollars due on demand in favor of Divide County Development Association or Edwin Bonde, its President, upon furnishing proof to said bank that filing receipt has been issued to said second parties.

In witness whereof the parties have hereunto set their hands and seals the day and year above written.

Divide County Development Association,

By Edwin Bonde, Its President,

First Party,

Witness

 Jos. H. Pass

 A. Nordstog

Helmer Hellebust

Alfred Hellebust

Second Party.

It is alleged that at the time the foregoing agreement was negotiated one Bonde, a defendant and president of the defendant partnership, represented to the plaintiffs that, in order to secure a filing and entry upon the lands mentioned in the agreement, it was necessary to pay to the government and to Divide county the sum of $500; that the defendants were in the business of dealing in lands and locating homesteads, and were familiar with the Homestead Laws of the United

States; that the plaintiffs were ignorant of the Homestead Laws and unfamiliar with the requirements for procuring homestead entries, and that the plaintiffs relied upon the representations with respect to the necessity of paying $500 and were deceived, defrauded, and cheated thereby. It was also alleged that the plaintiffs represented to the defendants that for a consideration of $100 the defendants would procure filings and entries for the plaintiffs upon the lands named in the agreement, and that the $100 commission entered into the total consideration named in the contract.

The principal contention of the appellant is that the alleged misrepresentations are misrepresentations of law, and not of fact. Being misrepresentations of law, it is claimed that they will not support an action for damages. The argument is the familiar one, that both parties are presumed to know the law, or at least *ignorantia legis neminem excusat,* and that consequently no one is capable of being legally deceived or damaged by the misrepresentation of a matter of law. Without denying the force of the argument, when applied in determining the rights of the parties dealing with each other at arm's length, we are satisfied that it cannot be properly applied under the facts alleged in this complaint.

This court has held in Orth v. Procise, 38 N. D. 580, 165 N. W. 557, that in a proper case one may be relieved of the consequences of a contract entered into through mistake or misapprehension of law, where the other party, at the time of contracting, was aware of the mistake, and by representations furthered the misapprehension. Comp. Laws 1913, § 5858. This conclusion is not only required by the section of the Code referred to, but it is well supported by authorities where there is no controlling statute. 20 Cyc. 19; 12 R. C. L. 296.

It is true that our Code, in laying down the elements of an action to recover damages for deceit (Comp. Laws 1913, §§ 5943, 5944) bases the action upon misrepresentation or suppression of facts or upon a promise made without any intention of performing it; and thus, by excluding misrepresentations of law, impliedly, at least, enacts the rule that such misrepresentations do not give rise to an action for deceit. But, since forms of action are entirely abolished by § 7355, Compiled Laws of 1913, we are not seriously concerned with the question as to whether or not the complaint comprises all of the allegations neces-

sary to state a cause of action for deceit. It is sufficient, as against demurrer, if it states a cause of action at all.

We are not to be understood as holding, however, that the complaint is necessarily deficient as a statement of a cause of action in deceit, but only that, in so far as the action may be thought to be predicated upon a misrepresentation of law, it cannot be regarded as an action for deceit under § 5944, Compiled Laws of 1913. The complaint contains allegations of fact from which a promise by the defendants may be implied to pay over the $500 to the government of the United States and to Divide county, which promise, it is reasonable to be inferred from the allegations, there was no intention to perform; and under ¶ 4 of § 5944, Compiled Laws of 1913, an action for deceit may be grounded upon "a promise made without any intention of performing."

But, even aside from the action of deceit, the complaint alleges a payment of $500 to the defendants for a specific purpose, which purpose has wholly failed because, under the law, it could not be carried out. In no view of the case can it be considered upon demurrer that the money was paid for the benefit of the defendants, nor that it was being voluntarily parted with by the plaintiffs. On the contrary, it was to be used for the benefit of the plaintiffs. The only relief claimed is the repayment of this sum of money so parted with. Hence, the complaint states a cause of action for money had and received.

Viewed from a little different angle, there are two contracts alleged, —one for the payment of $100 to compensate the defendants for their services in connection with the filing and entry on behalf the plaintiffs, and another under which the defendants assumed to pay over to Divide county and the government for the plaintiffs the sum of $500. Under the allegations of the complaint, the latter agreement was induced by a mistake of law within § 5855, Compiled Laws of 1913, and this action may well be regarded as an action to rescind as to this agreement and recover back the consideration so paid by the plaintiffs.

It will be noted that the written agreement above set forth is in the form of a memorandum, and there is no legal obstacle that would prevent the plaintiffs from showing the true consideration for the money

payments stipulated therein.   See Erickson v. Wiper, 33 N. D. 206, 157 N. W. 592.

Our views as to the sufficiency of the complaint stated above render it unnecessary to consider seriatim the other propositions advanced by the appellant.   For the foregoing reasons, the order appealed from is affirmed.