FULTON MOTOR TRUCK COMPANY, APPELLANT, V. GORDON FIRE-PROOF WAREHOUSE AND VAN COMPANY, DEFEND-ANT: WALSH BROTHERS ET AL., INTEVENERS, APPELLEES.

FILED DECEMBER 31, 1920. No. 21159.

Sales. "When goods are transferred by one person to another for sale and disposition by the latter, the question whether the relation of the parties is that of principal and agent, or of vendor and vendee, is determined by the nature of the transaction, and not by the name which they give to it. If in such case the transferee upon delivery to him acquires absolute dominion over the goods, with the right to sell and dispose of them at such prices and upon such terms  as he shall see fit, and becomes bound to pay a stipulated sum for them, either at a specified time or upon  the happening of any future event, as, for instance, when he shall have sold them, he becomes the purchaser of the same and the title thereto at once passes to him." *Buffum v. Descher,* 1 Neb. (Unof.) 736, followed.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Stout, Rose, Wells & Martin,* for appellant.

*J. O. Detweiler, Sutton, McKenzie, Cox & Harris* and *Gaines & Van Orsdel,* contra.

CAIN, C.

This was a replevin action to recover two motor trucks of which plaintiff claimed to be the absolute owner. At the time the suit was begun the trucks were in storage in the warehouse of the Gordon Fire-Proof Warehouse and Van Company, which is the nominal defendant, but claims no interest in the trucks. The real defendants are the interveners, Walsh Brothers, who claim one truck, and Ethel J. Cannon, as administratrix of the estate of Harry H. Cannon, deceased, who claims the other truck. The Gordon Fire-Proof Warehouse and Van Company is therefore eliminated from the case. Verdict and judgment for interveners, and plaintiff appeals.

The plaintiff, Fulton Motor Truck Company, was a manufacturer of motor trucks at Farmingdale, Long Island, New York, and Harry H. Cannon was the "distributor" of its trucks at Omaha. On February 28, 1918, Daniel P. Walsh, a member of the copartnership of Walsh Brothers, came to Omaha and paid Cannon $500 in cash and $3,421.99 by check to cover the cost of two cars and three trucks. The trucks which Walsh Brothers then expected to get from Cannon were three 1918 model Fulton trucks, but they never got any of that model. On August 23, 1918, however, Cannon gave Walsh a warehouse receipt for a 1917 model of this truck, which is the one in controversy between this intervener and the plaintiff. Previous to that Cannon had repaid Walsh part of the money. This 1917 model truck which Walsh received was one described in the following instrument: "May 27, 1918. It is understood and agreed that the four Fulton chassis which I now have in my possession, Nos. 815, 822, 776, 910, and 911, are the exclusive property of the Fulton Motor Truck Company, and are held by me on consignment. I agree to remit to said Fulton Motor Truck Company $3,914 on the

sale of said trucks. (Signed) H. H. Cannon." When Cannon signed the foregoing instrument, the truck in controversy, together with the others, was delivered to him at Omaha.

The only assignments of error relate to the giving and refusing of instructions to the jury. The complaint is that the court should have submitted to the jury the question of whether Walsh Brothers had actual notice of the instrument above set out. It is conceded that they had no constructive notice thereof. Appellant's position is that by this instrument it retained title to the truck, but the trial court refused to adopt that theory. The construction of the contract was, of course, for the court, and if the trial court's construction of this instrument was correct, it disposes of appellant's assignments of error on this branch of the case.

The contract should be construed as a whole, of course, giving meaning to its several parts in an effort to arrive at the intention of the parties. In this connection it is to be observed that the contract under consideration contemplates a sale by Cannon of the trucks therein described. The idea is not to be entertained that the sale contemplated was to be other than a valid sale conveying good title to the vendee. Possession of the trucks went to Cannon, then, with full power to sell the same. The sale of the trucks was the very purpose to be accomplished, and if Cannon did not have power to sell them, then this purpose would be defeated and the whole transaction an empty thing. Possession and power to sell the trucks having gone to Cannon under the instrument above quoted, it cannot be thought that the parties intended that the title should remain in the plaintiff. Our conclusion is supported by the following decisions of this court: *Yoder v. Haworth*, 57 Neb. 150; *Buffum v. Descher*, 1 Neb. (Unof.) 736; and by the recent case of *Maurer v. Featherstone, ante*, p. 72. In the case of *Buffum v. Descher, supra*, this court made use of language which we think peculiarly applicable to the case at bar. It is as follows: "If the goods are de-

livered to the 'consignee' under such circumstances as to confer upon him absolute dominion over them and he becomes bound to pay a stipulated price for them at a certain time or upon the happening of any future event, the transaction amounts to a sale and delivery, and the title passes to him." We hold that, under the contract quoted herein and the delivery to Cannon of the trucks therein described, he became the absolute owner thereof. It follows that he had full power to sell the same to Walsh Brothers. We think the conclusion to which we have arrived disposes of all of the appellant's contentions on this branch of the case. Appellant suggests that Cannon transferred the trucks to Walsh for an antecedent debt and therefore there was no valid consideration. As we have held that Cannon had power to transfer title to the trucks to Walsh, the consideration becomes immaterial.

As to the controversy between plaintiff and the intervening administratrix of the Cannon estate there is no question of the identity of the truck replevied being one of these covered either by the instrument first herein quoted or by one identical thereto. It seems that Walsh died in October, 1918; that before his death he had arranged with a firm in Sundance, Wyoming, to sell it to them for $1,830.25 by putting a body and cab upon it. This he did at an expense of $141.92, and as it was still in Cannon's possession at the time of the beginning of this action, he or his estate had a lien upon it under section 3841, Rev. St. 1913. Plaintiff made no tender of any amount to satisfy this lien, and so the intervening administratrix had a special interest in the truck at the time the action was commenced. We do not think, however, that the question of the lien is material, for the reason that we think title to the truck passed to Cannon, and thereafter the relation between him and the plaintiff was that of debtor and creditor.

We find no error in the record, and we recommend that the judgment of the district court be affirmed.

Fulton Motor Truck Co. v. Gordon Fire-Proof Warehouse and Van Co.

PER CURIAM.    For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.