### JOSEPH SCHMITT v. ORNES ESSWEIN & COMPANY.[1]

July 1, 1921.

No. 22,364.

**Sale — fraudulent representation.**

1. In an action for damages for deceit in the sale of an ice machine, the complaint alleged that the seller represented that the machine when installed could and would keep the buyer's ice-box at a temperature low enough to prevent meat from spoiling. Such a representation is *held* to be more than an expression of opinion or a prediction.

**Fraud not waived.**

2. The machine was installed and an initial payment made on May 1. On May 25 a second payment was made. Even if it should be presumed that the buyer had then discovered that the machine had been misrepresented, he might complete performance of his contract without waiving the fraud and then sue for damages for deceit.

Action in the district court for Hennepin county to recover $2,176.03 for misrepresentations in the sale of an ice machine and to cancel promissory notes given defendant therefor. The case was tried before Molyneaux, J., who directed a verdict in favor of defendant for $347.35. From an order granting plaintiff's motion for a new trial exclusively upon errors occurring at the trial, defendant appealed. Affirmed.

*M. H. Boutelle, A. H. David* and *Le Roy Bowen,* for appellant.

*George T. Simpson, John F. Dahl* and *Eugene S. Bibb,* for respondent.

LEES, C.

This is an action for damages for defendant's misrepresentations which induced plaintiff to enter into a written contract for the purchase of a

[1]Reported in 183 N. W. 840.

second hand ice machine. There was a cash payment of $250 and notes for the remainder of the purchase price, one of them being paid May 25, 1919. Plaintiff conducted a meat market, keeping his meats in an ice-box in which defendant set up the machine on or about May 1, 1919. It was designed to take the place of ice in maintaining the proper temperature for the preservation of meat. The complaint alleged that defendant had represented that the machine was as good as new and could and would afford a sufficient degree of refrigeration to keep meat from spoiling; that the representation was untrue, known by defendant to be untrue, and was made with intent to defraud plaintiff and to induce him to enter into the contract. Defendant objected to the reception of evidence offered by plaintiff, on the ground that the complaint failed to state a cause of action. The objection was sustained. In its answer defendant had pleaded two counterclaims based on the notes which had fallen due. A verdict was directed in its favor for the amount of the notes. Plaintiff moved for and was granted a new trial for errors of law and defendant has appealed. Two questions are presented by the appeal: (1) Do the facts alleged in the complaint state a cause of action? (2) What was the effect of the payment of the note?

1. Citing Bigelow v. Barnes, 121 Minn. 148, 140 N. W. 1032, 45 L.R.A.(N.S.) 203, defendant contends that, as pleaded, its representation amounted merely to a prediction that the machine would produce certain results in the future; that it was only an expression of opinion and not an assertion of a past or existing fact, and hence will not support a charge of fraud. We think the contention cannot be sustained. The essence of the representation was an affirmation that the machine was capable of reducing the temperature to a point low enough to keep meat from spoiling. It was more than a prediction or expression of opinion. It was a statement respecting the inherent capacity or power of the machine. Such a statement is one of existing fact, and, if made with knowledge of its falsity and with intent to deceive the person to whom it is made, amounts to an actionable fraud, if such person relied upon and was actually deceived by it.

The representation defendant is alleged to have made is not materially different from those involved in Helvetia Copper Co. v. Hart-Parr Co. 137 Minn. 321, 163 N. W. 665; General Elec. Co. v. O'Connell, 118

Minn. 53, 136 N. W. 404; and Kerrick v. G. W. Van Dusen & Co. 32 Minn. 317, 20 N. W. 228. In the first case the representation was that a tractor engine, when equipped with certain new parts, would be in good condition and capable of developing the horse power at which it was rated. In the second case, it was that a test of certain rock drills had been made and that they would bore 50 lineal feet a day in a tunnel which the purchaser was constructing. In that case, referring to Seitz v. Brewers' Refrigerating Mach. Co. 141 U. S. 510, greatly relied on by appellant, this court said: "The right of the defendant in that case to set up fraudulent parol representations as to the capacity of the cooling machine furnished to him by the plaintiff was distinctly recognized; but the defense failed, because the evidence failed to establish the alleged fraud." In Kerrick v. Van Dusen the representation was that the machine sold would grind 40 bushels of corn an hour.

In each of the three cases cited the representation was regarded as a sufficient basis for a claim of fraud which the court would recognize if established by the evidence. An acknowledged authority on the law of sales says in substance that fraudulent statements often involve the dividing line between statements of fact and of opinion, closely analogous to the same question in the law of warranty. The line is hard to draw, and, in a doubtful case, should be determined by the jury. There is a growing unwillingness on the part of the courts to allow statements to be made without liability, which are calculated to induce, and do induce, action on the part of the hearer. Where a statement is made with fraudulent intent, there is still more reason for regarding it as a ground of liability, even though couched in the form of an opinion, or though it relates to a matter as to which certainty is impossible. Williston, Sales, § 628. The language of section 12, c. 465, p. 770, Laws 1917— the Uniform Sales Act—is in line with these observations. It defines an express warranty as any affirmation of fact or any promise relating to the goods, if the natural tendency thereof is to induce the buyer to purchase them, and he does purchase, relying thereon. However, section 12 does declare that no statement of the seller's opinion only shall be construed as a warranty.

2. Defendant contends that, if it misrepresented the machine, plaintiff must have known it when he paid his note on May 25 and, if so,

should be held to have accepted the machine, so he could not thereafter be heard to assert that he relied on the alleged false representation. Meland v. Youngberg, 124 Minn. 446, 145 N. W. 167, Ann. Cas. 1915B, 775, is cited in support of this proposition, but is not in point. We cannot assent to the conclusion that, by using an ice machine for 25 days in the month of May, a butcher would certainly discover that it would not keep the temperature low enough to preserve meat, if such was the fact. But, conceding that it did appear that plaintiff had made the discovery when he paid his note, he ought not to be turned out of court solely for that reason. He paid $250 when the machine was installed. The remainder of the purchase price was payable in instalments. The rule is that, where a party to a contract has partially performed it before discovering the falsity of the representation which induced him to enter into it, he is not obliged to retrace his steps, but may complete performance without waiving the fraud and then bring an action for damages for deceit. Humphrey v. Sievers, 137 Minn. 373, 163 N. W. 737; Townsend v. Jahr, 147 Minn. 30, 179 N. W. 486; Dawson v. Thuet Bros. 147 Minn. 429, 180 N. W. 534.

The learned trial court did not err in granting a new trial and the order appealed from is affirmed.