THE NATIONAL CASH REGISTER COMPANY, a Corporation, Respondent, v. MIDWAY CITY CREAMERY COMPANY, a Corporation, Appellant.

(191 N. W. 762.)

**Evidence — refusal of defendant's evidence of plaintiff's unfulfilled promises at time of sale of cash register held erroneous.**

The defendant on the trial attempted to give certain evidence to substantiate certain defenses set forth in the answer. On objection, the same was not received. It then made an offer of proof, setting forth the evidence which it desired to introduce. The offer was denied.

For reasons stated in the opinion: It is *held* that the court erred in refusing to receive the evidence and in the denial of the offer thereof.

Opinion filed December 30, 1922.

Evidence, 22 C. J. § 1621 p. 1215 n. 65, p. 1217 n. 66; § 1623 p. 1218 n. 83.

An appeal from a judgment and an order denying motion for a new trial of the District Court of Eddy County, *Nuessle,* J.

Judgment and order reversed.

*N. J. Bothne,* for appellant.

Proof of fraud is admissible and does not vary terms of written contract.

This question came up and was discussed and decided in the late case of Hansen v. Daniel Hayes Co. 188 N. W. 317.

"Even though a contract contains a provision that 'this contract contains all the conditions and agreement between the parties, and the purchaser hereby acknowledges a receipt of a duplicate hereof,' and the contract as signed contains no reference to the general wholesale price of the articles sold, a defense may yet be interposed in a suit upon the contract based upon fraud and deceit in obtaining the execution of the same by a false representation as to such wholesale price. *Such defense does not seek to vary the terms of the contract, but merely to show fraud in its inception.*" Elliott Supply Co. v. Green, 35 N. D. 641. See also Rochford v. Barrett, 115 N. W. 522.

"A promise made without any intention of performing it" is actual fraud. Comp. Laws 1913, § 5849; Tamlyn v. Peterson, 15 N. D. 488; Pollard v. McKenney, 96 N. W. 679; Cerney v. Paxton Co. 110 N. W. 882; Langley v. Rodriquez, 122 Cal. 580.

In the case of Walters v. Rock, 18 N. D. 45, the court says: "A promise made by the payee of a note in reference to the consideration for giving the same that he does not intend to fulfill constitutes a fraud that will defeat the note except in the hands of an innocent holder."

"The defrauded party, on discovery of the fraud, may affirm the transaction, keep whatever property or advantage he has derived under it, and recover in an action of deceit the damages caused by the fraud; or he may, within a reasonable time after discovery of the fraud, repudiate the contract, and tendering back what he has received under it, recover what he has parted with, or its value." Guild v. More, 32 N. D. 432; Bank v. Mailloux, 132 N. W. 168; 20 Cyc. 87, and citations.

*James A. Manly,* for respondent.

GRACE, J. This is an appeal from a judgment in plaintiff's favor and from an order denying defendant's motion for a new trial. The

action is one to recover the sum of $310, with interest, since April 12th, 1921, claimed by plaintiff to be due and owing it from the defendant on a certain $500 note, executed by defendant to plaintiff, representing the purchase price of a certain cash register.

The complaint, in addition to stating a cause of action on the note, sets forth the contents of a certain written order, directing plaintiff to manufacture and ship by prepaid freight, a cash register, fully describing it and stating the amount of the purchase price and terms of payment.

It is not deemed essential to set forth in this opinion the terms of the contract more specifically. The promissory note was an instalment note. By way of defense and counterclaim, the defendant alleged the following in its answer: "That on or about the 7th day of October, 1919, the plaintiff's agent and representative came to defendant in the city of New Rockford, North Dakota, and then and there attempted to sell to defendant a cash register to be used in defendant's place of business in said city of New Rockford; that defendant at that time had a cash register in its business and was therefore unwilling to buy another one; that, in order to induce defendant to buy said cash register, the plaintiff's said agent and representative did then and there falsely and fraudulently represent and state to defendant that the said cash register so offered for sale by the plaintiff was an entirely new invention and of such wonderful and remarkable construction and make-up that it would dispense with and eliminate a bookkeeper in defendant's place of business and thus save the salary and expenses of one person; that, in order to further induce defendant to buy the said cash register, the plaintiff's said agent and representative did then and there also falsely and fraudulently represent, state, and promise to defendant that if defendant would buy the said cash register, the plaintiff would furnish and send an expert up to New Rockford, North Dakota, and set up the said cash register in defendant's place of business and show and instruct defendant how to use and operate the same so as to save the work of a bookkeeper.

"That defendant, relying upon the said representations, statements, and promises of the plaintiff, and believing them to be true and not otherwise, was thereby induced to sign Exhibit "A" set out in the complaint herein, and to buy the said cash register from the plaintiff, and

to sign the said promissory note, and to pay part of the purchase price for said cash register.

"That afterwards, the plaintiff shipped the said cash register to defendant and defendant paid to the plaintiff the purchase price therefor, as follows: $30 in money; an old cash register valued at $30; and the said promissory note sued upon herein for $440; and that defendant later paid to the plaintiff the sum of $130 on the said promissory note. .

"That the plaintiff has at all times failed, neglected, and refused to send up or furnish an expert to set up the said cash register in defendant's place of business and to show and instruct defendant how to use and operate the same, as it had promised and agreed to do; that the said cash register was a complicated piece of machinery, and defendant did not know how to correctly use, run, or operate the same, without the aid or instructions from an expert which the plaintiff has at all times failed, neglected, and refused to furnish; that the said statements, representations, and promises of the plaintiff, as aforesaid, were false and fraudulent and were known to be false and fraudulent by the plaintiff; that the promise made by the plaintiff, namely, to send up and furnish an expert to set up the said cash register in defendant's place of business and show and instruct defendant how to use and operate the same, was made by the plaintiff without any intention of performing it, and simply for the purpose of fraudulently inducing defendant to sign the said promissory note, and Exhibit "A" and to buy the said cash register and pay the purchase price therefor; and that the said cash register was not as represented by the plaintiff, and did not eliminate or dispense with a bookkeeper in defendant's place of business or save any salary or expenses to defendant, as the plaintiff had represented and promised it would do; and that the same therefore was practically useless and of no value to defendant.

"That on account of plaintiff's false and fraudulent representations, statements, and promises, as aforesaid, defendant on or about the 23d day of July, 1920, duly rescinded the said contract for the purchase of the said cash register, and did then duly return the said cash register to the plaintiff, and that the plaintiff has ever since kept and retained the same, and has duly consented to such return and to the rescission of the said contract.

"That as a result of the plaintiff's fraudulent representations, state-

ments, and promises, as aforesaid, defendant was induced to pay and part with $160 in money, an old cash register valued at $30, and the said promissory note sued upon herein; and that defendant has been damaged thereby in the sum of five hundred and no/100 dollars ($500).

"As a further defense to the plaintiff's alleged cause of action herein, the defendant alleges:

"That on or about the 23d day of July, 1920, defendant duly returned the said cash register to the plaintiff, and that the plaintiff has ever since kept and retained the same, and has duly consented to such return; that the consideration and the only consideration for the note sued upon in this action has been and is now kept and retained by the plaintiff; that defendant has not received value or consideration of any kind for the said note; and that the said note sued upon herein is wholly without consideration and is therefore absolutely null and void."

Defendant asked judgment that the plaintiff take nothing in the action and that defendant recover judgment against plaintiff for $190, the sum of the payments made. Plaintiff in its reply to the allegations of the answer states the following: "Plaintiff admits that on or about the 23d day of July 1920, defendant attempted to rescind the contract for the purchase of said cash register, and returned the same to plaintiff's agent at Fargo, North Dakota. But that plaintiff expressly denies that it has kept and retained said cash register, or consented to such return, or to the rescission of the contract for the purchase of the same. That on receiving notice of the return of said register the plaintiff promptly, on or about the 30th day of July 1920, notified defendant that plaintiff could not accept the return of said register or consent to the rescission of said contract, and that said register would be held subject to the order of and at the risk of the defendant. That the said register now is and at all times since the return of the same as aforesaid has been held by the plaintiff subject to the order of and at the risk of said defendant."

The only assignment of error necessary to consider is that relating to the exclusion of certain evidence and the offer of proof of that evidence. The evidence excluded is as follows:

Q. Now, in the fall of 1919 did you have any transactions with a representative of the National Cash Register Company?

A. I did.

Q. A man came up here to see you about selling a cash register?

A. Yes, sir.

Q. Do you know the name of the representative?

A. No, I do not recall it.

Q. That is the man that sold you the cash register?

A. Yes, sir.

Q. Where was the conversation had that you had with him?

A. In the creamery office.

Q. In your office in this city?

A. In the creamery, yes.

Q. You may state to the jury what the conversation was between you and him relative to the sale of this cash register?

Mr. Manly: That is objected to as incompetent, irrelevant, and immaterial and not the best evidence. It is an attempt to vary the terms of the written contract.

The court: Sustained.

Mr. Bothne: We have alleged in this case—

The court: A mere allegation will not vary the rule. If that were the case no written contract would stand. All you would have to do would be to allege fraud and prove any other.

Q. Before you entered into this written contract and signed this note, Mr. Jacobsen, you had some conversation and talk with this representative, did you?

A. Yes, sir.

Mr. Manly: Same objection.

The court: Let answer stand.

Q. What did the representative say to you at that time?

Mr. Manly: Same objection.

The court: Sustained.

Mr. Bothne: I do not know if I understand the court's ruling in this case. Do I understand it to mean that we could not show any conversation between these parties tending to show a misrepresentation in regard to the sale of this machine?

The court: That depends. Not on the present state of the record.

Mr. Bothne: That is in view of this contract and note?

The court: Yes.

Mr. Bothne: Well, of course that is the defendant's case and if we are excluded from that, of course we will be foreclosed from showing. I want to make an offer here about that.

Q. You may state whether or not you were able to get any more use out of that than any ordinary machine?

Mr. Manly: That is objected to as incompetent, irrelevant, and immaterial, no proper foundation having been laid.

Q. When you were on the stand a while ago and Mr. Manly showed you that note and the contract and he asked you if that was the only contract you had made with the plaintiff, I believe you stated that it was the only written contract that you had made, did you not?

A. Yes, sir.

Q. Now, Mr. Jacobsen, did you have any other talk or conversation with this agent about this machine which is not included in this note or contract?

A. I did.

Q. What was that conversation?

Mr. Manly: That is objected to as incompetent, irrelevant and immaterial, and an attempt to vary the terms of a written contract.

The court: Sustained.

Q. That was at the same time as you signed this note and contract, was it?

A. Yes, sir.

The proof offered and excluded is as follows:

The defendant at this time offers to show by this witness that on or about the 7th day of October, 1919, at the time of the making of the contract and note introduced by the plaintiff in this action, the plaintiff's agent and representative who sold the cash register to the defendant and for which this note and contract here were given, made statements and representations to this witness that this cash register was something new and an entirely new invention and of such construction and make-up that if the defendant would use it in its business it would save and eliminate an employee or bookkeeper in the defendant's business. That said representative of the plaintiff corporation further stated and represented to the defendant at said time and place that as

soon as said cash register was shipped up to New Rockford the plaintiff would send an expert up here to set up the said machine and show the defendant how to use and operate the same so as to save the expenses of one man in defendant's business. That said defendant relied upon said representations and believed them and was thereby induced to purchase the said machine and to execute the said note sued upon in this action and contract referred to in plaintiff's complaint. That said representations so made by the representative of the plaintiff corporation were fraudulent and made for the purpose of deceiving the defendant and for the purpose of inducing defendant to purchase the said machine. That the said promise of the representative of the plaintiff corporation to send up an expert to set up the said machine and show the defendant how to use and operate the same was made without any intention on the part of the plaintiff to perform the same. That the plaintiff has at all times failed and neglected to send up an expert and representative to show the defendant how to use and operate the said machine and that the defendant did not know how to use and operate the same so as to eliminate or save an employee in his business. The defendant further offers to show by this witness that on account of these misrepresentations by the plaintiff on or about the 23d day of July, 1920, the defendant duly returned the said machine to the plaintiff and that the plaintiff has ever since and does yet retain the possession of said machine and that therefore there is no consideration for said note.

Mr. Manly: Same objection.

The court: I will adhere to the ruling in the light of the offer.

The refusal of the court to receive the above testimony and the offer of testimony upon the objection of plaintiff is the only assignment of error necessary to consider. We think the court erred in refusing to receive the testimony as it was competent to prove the defense pleaded, which was, in substance, that at the time of the sale of the cash register and the signing of the note and contract the defendant was induced by false and fraudulent representations, statements and promises of plaintiff, to purchase the cash register and execute the note and contract. The evidence offered was not offered for the purpose of varying the terms of either the note or contract, but only to show that plaintiff was induced to purchase the cash register by the false and fraudulent repre-

sentations of plaintiff and that while relying on these he executed the note and contract. Elliott Supply Co. v. Green, 35 N. D. 641, 160 N. W. 1002; General Electric Co. v. O'Connell, 118 Minn. 53, 136 N. W. 404; Hansen v. Daniel Hayes Co. 152 Minn. 222, 188 N. W. 317.

The provisions in the contract that "this contract covers all agreements between the parties and shall not be countermanded," does not preclude defendant from showing fraudulent representations which induced the signing of these instruments. Elliott Supply Co. v. Green, supra; Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792.

The judgment and order appealed from are reversed. The case is remanded for further proceedings not inconsistent with the opinion. The appellant is entitled to its costs and disbursements on appeal.

ROBINSON, J., concurs.

BRONSON, J. (specially concurring). In defendant's answer, asserted by way of defense as well as counterclaim, allegations are made of false and fraudulent misrepresentations by plaintiff as inducement for execution of the contract and note, and of due rescission of the contract by reason thereof. The trial court submitted to the jury, as an issue, the question whether defendant rescinded the contract with consent of the plaintiff through the return of the cash register and the acceptance thereof by plaintiff. By reason of the rulings of the trial court, as stated in the opinion of Mr. Justice Grace, the issues of fraudulent misrepresentations and rescission, if any, resulting therefrom, were eliminated from the consideration of the jury.

Upon the offer so made, in its broad terms, I am rather of the opinion that facts might be established which would present a question of fact whether the promise, if made, would amount to deceit or would grant a right of rescission. See § 5944 Comp. Laws, 1913; Hellebust v. Bonde, 42 N. D. 324, 172 N. W. 812; McLennan v. Plummer, 34 N. D. 269, 276, 158 N. W. 269; Guild v. More, 32 N. D. 432, 472, 155 N. W. 44; Andrieux v. Kaeding, 47 N. D. 17, 181 N. W. 162; Nelson v. Berkner, 139 Minn. 301, 166 N. W. 348; Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792; Rectenbaugh v. North

Western Port Huron Co. 22 S. D. 410, 414, 118 N. W. 697; note in 10 L.R.A.(N.S.) 640. A new trial should be awarded.

BIRDZELL, Ch. J., and CHRISTIANSON, J., dissent.