# BARRON G. COLLIER, INC. v. BRAUNIG & SONS BAKING COMPANY.[1]

### February 27, 1925.

### No. 24,491.

**Rescission of contract for street car advertising because of fraud of seller.**
   In selling street car advertising, false representations that the space is so valuable and so much in demand that there is a constant "waiting list" of customers for it and that it can be disposed of at the stated price any time "in a minute" may constitute fraud and justify a rescission by the party thereby fraudulently induced to purchase space.

*Headnote.   See Contracts, 13 C. J. p. 381, § 274.

Action in the district court for Ramsey county to recover $19,055 and interest. The case was tried before Hanft, J., and a jury which returned a verdict for $1,327.44. From an order denying its motion for judgment in its favor for $17,446.71, notwithstanding the verdict, or for a new trial, plaintiff appealed. Affirmed.

*Morphy, Bradford & Cummins*, for appellant.

*Hendricks & Blomquist* and *Oscar Hallam*, for respondent.

STONE, J.

Plaintiff is engaged in street car advertising. Defendant contracted for the use of certain space for a period of 60 months and to pay plaintiff therefor at the rate of $370 per month, beginning August 15, 1922. At the end of the first year, defendant repudiated the contract and this suit for compensation for the full period at the contract rate followed. The defense is fraud. Defendant prevailed below, except that a verdict was directed for an amount admittedly earned by plaintiff. Plaintiff appeals from the order denying a new trial and presents the single issue as to whether the evidence proved such fraud as justified a rescission by defendant.

There seemed to be no doubt in the minds of the jury and the trial judge that as a negotiator plaintiff's representative was much

[1] Reported in 202 N. W. 442.

more than a match for the representative of defendant. Until the final submission of the written contract to defendant, there had been no suggestion of a contract for more than a year. Up to that time the negotiations had been explicitly to that effect. At the last moment, plaintiff's agent submitted the contract covering five years instead of one and prevailed upon defendant to execute it, so the evidence tends to show, by making the following misrepresentations: That the contract was drawn for 60 months instead of 12 months solely for the "protection" of defendant; that the "right front space" was in such demand that it "sells itself" as soon as put on the market and at the price stipulated in the contract; that the space was so valuable and in such demand that, should defendant wish to discontinue its use at the end of one year, its space would and could readily be sold "in a minute's time"; and that plaintiff constantly had a "waiting list" of customers eager for this particular space.

For plaintiff, it is argued that defendant's effort to escape on the ground of fraud is simply an attempt to amend the contract by parol evidence so as to make it subject to cancelation by defendant at the end of one year, it being conceded that defendant knew precisely what it was signing. To adopt that argument would be equivalent to holding that a plea of fraud may be held good or bad solely because of its result on contract rights, rather than because of its intrinsic legal merit or lack of it. It is a normal result of a successful plea of fraud that a contract is canceled in the sense that it is avoided by the defrauded party.

The space in question was sold or let by plaintiff to defendant, according to the contention of the latter, upon fraudulent misrepresentations with respect to material matters upon which defendant relied. The assurances concerning the value of the space, the supposed demand for it and the wholly imaginary waiting list spoke in the present tense concerning conditions as they were—matters of fact and not merely of opinion. The jury found they were false, material and relied upon by defendant. They were sufficient to constitute fraud. See Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360; Schlauderaff v. Wortham, 140 Minn. 25, 167 N. W. 118,

and Schmitt v. Ornes Esswein & Co. 149 Minn. 370, 183 N. W. 840. The case of Haycock v. Johnston, 81 Minn. 49, 83 N. W. 494, 1118, is easily distinguishable, for it involved *only* a collateral promise of a lessor not to erect a new building within a stated distance of the leased premises.

The accompanying statement concerning the future, that the space could be disposed of "in a minute" at the contract rate, if defendant desired to surrender it at the end of the first year, is but an added element. It is immaterial whether alone it would constitute fraud. It was coupled with the other misrepresentations which spoke of the then present. The issue was clearly for the jury and the verdict is not to be disturbed.

An interesting sidelight, and not without evidentiary value, is the flippant admission of plaintiff's salesman that, at the last moment, he submitted the five year contract, in lieu of the already arranged agreement for one year, as a piece of supposed "good salesmanship" and a "neat trap" for his customer. While not controlling for defendant, it cannot be escaped by plaintiff and undoubtedly went far to confirm the testimony concerning the misrepresentations charged to the agent who so glibly and almost proudly admitted what at the best was a crafty breach of business ethics. If, as here, there is in addition to such a circumstance any meritorious proof of fraud, courts should be slow to interfere with a jury's appraisal of it.

Order affirmed.