HAMIL M. ALEXANDER v. JOHN BROGLEY AND JACOB BROGLEY, PARTNERS, AS BROGLEY BROTHERS.

Argued June 13, 1898—Decided November 7, 1898.

A contract which a party is induced by a false representation to sign without reading, and without a knowledge of its contents, is void, although he might have discovered the fraud by reading it.

On *certiorari* to the Middlesex Pleas.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the plaintiff, *Freeman Woodbridge.*

For the defendants, *George S. Silzer.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This suit was brought by the plaintiff to recover from the defendants the sum of $15 upon an agreement in writing signed by them, whereby they agree to take one copy of a "Biographical and Portrait Cyclopedia" from the Biographical Publishing Company, which subsequently assigned the claim to the plaintiff.

The suit was originally instituted in the Court for the Trial of Small Causes, and thence appealed to the Middlesex Pleas, where judgment was rendered in favor of the defendants.

The defence set up was that the contract was signed by Jacob Brogley, one of the partners, in the firm name, upon the fraudulent representation of the agent of the publishing company; that Brogley did not read it, nor was it read to him, and that he was induced to sign it without knowing its contents, by the representation of the agent that he wished him to sign for the purpose of ascertaining how Brogley Brothers spelled their name.

The trial judge in the Common Pleas charged the jury that where a person signs a paper, he is bound to know its contents, but that the rule has this exception : if the person who asks another to sign a paper induces him to omit reading, and to rely upon the faith of his representation, that excuses the person who signed the contract from the obligation to read it; that he may rely upon such statement, and if it is fraudulent it vitiates the contract. There is nothing in the charge in this respect of which the plaintiff can justly complain.

The question of fraud was properly submitted to the jury, and under the evidence the verdict in favor of the defendants was fully warranted.

The trial judge also stated to the jury that the evidence showed that Brogley Brothers were engaged as partners in the baking business, and that unless it appeared that Jacob Brogley was authorized to bind the firm in the purchase of this book, the plaintiff could not recover against the partnership.

The plaintiff insists that this charge of the court was erroneous for the reason that this point was not suggested on the trial by the defendants' counsel, and that if the objection had been made earlier in the trial, the plaintiff could have amended. It was not a case of misjoinder of defendants ; it was admitted that the defendants were partners as alleged in the pleadings. It was a question for the jury, under the evidence

in the cause, whether John Brogley had acquiesced in the signing of the contract.

The judgment should be affirmed, with costs.