(106 N. W. 122.)

----

FRED SPENCER v. T. L. BEISEKER.

Opinion filed February 3, 1906. Rehearing denied March 12, 1906.

**Quieting Title — Failure of Court to Determine All Claims Asserted Is Error.**

1. It is the duty of the trial court in actions brought to determine adverse claims to real property, under chapter 5, p. 9, Laws 1901, to adjudicate and determine all claims set forth in the defendant's answer, and the failure to do so is error.

**Equity — Action Tried Without a Jury — Mode of Appeal.**

2. An equity action in which a jury is called to find part or all of the facts is not "an action tried * * * without a jury," within the meaning of section 5630, Rev. Codes 1899, and is therefore not governed by that section, either as to the manner of trial in the district court or the review in this court upon appeal. Following Peckham v. Van Bergen, 80 N. W. 759, 8 N. D. 595.

Appeal from District Court, McLean county; *Winchester, J.*

Action by Fred Spencer against T. L. Beiseker. Judgment for plaintiff, and defendant appeals.

Reversed.

*R. A. Palmeter, Hanchett & Wartner,* and *Guy C. H. Corliss,* for appellant.

*H. R. Turner,* for respondent.

YOUNG, J. The plaintiff brought this action to determine adverse claims to 160 acres of land situated in McLean county. The complaint is substantially in the form prescribed by chapter 5, page 9, Laws 1901, and demands, among other things (1) that the defendant set forth all adverse claims that he may have to said land, and "that the validity, superiority and priority thereof be determined;" and (2) "that the same be adjudged null and void. * * *"

The defendant answered, setting forth two distinct claims. The first is a mortgage for $849.15, alleged to have been executed and delivered by the plaintiff and his wife to the defendant on October 21, 1902, to secure their joint promissory note for the above sum of even date with said mortgage. The second claim is under a sheriff's certificate to the defendant issued on August 21, 1904, at a foreclosure sale of the premises under a mortgage alleged to have been given by the plaintiff and his wife on August 1, 1903, to Hatch and Heinsius to secure the sum of $334.50, and duly assigned to the plaintiff prior to the foreclosure. It is alleged that the premises were struck off to the plaintiff at the sale for $423.13. and that there has been no redemption. The answer also alleges the due execution and recording of all the instruments referred to, and prays for judgment confirming the validity of the mortgage and the validity of the sheriff's certificate. The plaintiff did not reply, and a reply was unnecessary. The statute above referred to, and under which this action is brought, expressly declares that "no reply shall be required on the part of the plaintiff," except "* * * when he has made permanent improvements under color of title." In other words, the statute dispenses with the necessity of framing issues by a proper pleading as in other actions, and requires the court to determine "the validity, superiority and priority" of the claims set up without a pleading assailing their validity. The presiding judge called a jury and the evidence was submitted to them pursuant to a stipulation of the parties,

made when the case was called, that "the questions of fact involved in this action" should be submitted to a jury. During the course of the trial the plaintiff and his wife testified that they did not sign the mortgage constituting plaintiff's first claim, or the note purporting to be secured by it. The notary public who took the purported acknowledgment of the mortgagor and one of the sub-scribing witnesses testified that both the note and mortgage were signed in their presence. No evidence was offered assailing the sheriff's certificate, and there is sufficient evidence in the record to sustain its validity. The trial judge submitted a single question to the jury, and that was whether the plaintiff and his wife executed and delivered the note and mortgage set forth in defendant's first claim, to which they answered "No." The trial judge approved this finding of the jury, and thereafter made and filed his findings of fact and conclusions of law in accordance therewith, and directed the entry of judgment for plaintiff canceling said mortgage and the record thereof and for costs. No questions of fact affecting the validity or invalidity of the sheriff's certificate were submitted, and the findings and judgment do not refer to it, directly or in-directly. The defendant moved for a new trial for alleged errors of law occurring at the trial and upon the ground of surprise arising from the unexpected denial by plaintiff and his wife of the genuineness of their signature. The motion was denied. Plain-tiff has appealed from the judgment and from the order denying a new trial.

Error is assigned (1) upon the denial of the motion for new trial, and (2) upon the court's failure to determine the validity of the sheriff's certificate. The last assignment, which is based upon the judgment roll proper, is the only one we shall consider. That this was error is apparent from the statement already made. The purpose of the action is to determine the validity, superiority and priority of the defendant's adverse claims. The defendant set up the certificate and asked that it be held valid. Its validity was in issue, and it was the duty of the court to determine that question, and the error in failing to do so requires a reversal of the judgment and a new trial.

The reason advanced by respondent's counsel to support his contention that the failure of the trial court to find upon this issue is not ground for reversal, or granting a new trial is not tenable. He contends that the case was tried under and is reviewable in

this court under section 5630, Rev. Codes 1899, and relies upon the provision in that section which declares that "in actions tried under this section failure of the court to make findings upon all the issues in the case shall not constitute a ground for granting a new trial or reversing the judgment." Counsel is in error in assuming that the action was tried under section 5630. That section particularly describes the actions which are within its provisions as "all actions tried * * * without a jury;" but not including action properly triable with a jury. Amendment of 1903, page 201, chapter 201. It includes only actions tried without a jury, and does not include actions tried with a jury. The fact that the action is equitable and one in which the findings of the jury are merely advisory is not material. It is true in an equitable action that the case is in fact tried by the court, for the court ultimately finds the facts, approving or rejecting the jury's findings; but even so it is not a case tried "without a jury" when a jury is called. This was the construction placed upon this section in Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 759. This case was decided in 1899. The section was amended in 1903 in other respects, but in no way affecting the basis of the decision referred to and the construction there announced must be accepted as settled.

It must be held, therefore, that an equity action, in which a jury finds part or all of the facts, "is not an action tried * * * without a jury" within the meaning of section 5630, and is therefore not governed by that section, either as to the manner of trial in the district court or as to the review in this court upon appeal. This section has no application to this action. It was the duty of the trial court to determine the validity of both claims set up by the defendant's answer. The validity of the sheriff's certificate was in issue and was not determined. This was error.

The judgment will be reversed, and a new trial ordered. All concur.