### WILLIAM W. ALEXANDER ET AL. v. BENJAMIN B. FERGUSON.

Argued February 20, 1906—Decided June 11, 1906.

Where a defendant knows that he is signing a contract that imports an obligation, has an opportunity to read it, and chooses to sign without reading, he is bound by its terms, although the plaintiff may have stated its contents imperfectly, if there has been no concealment or misrepresentation of its purport.

On appeal from the Camden District Court.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellant, *Thomas B. Hall.*

For the respondent, *Wilson, Carr & Stackhouse.*

The opinion of the court was delivered by

SWAYZE, J. The defendant signed a written contract for the purchase of merchandise of the plaintiffs, which was delivered to and received by the defendant. The price has not been paid. At the trial the defendant proved that the plaintiffs' agent represented that the paper was an agreement to act as agent and depository for the plaintiffs, and that the defendant signed it without reading other than the first few

lines. These lines did not contain the contract to purchase. The trial judge directed a verdict for the plaintiffs.

It is contended that the case is governed by the decision in *Alexander* v. *Brogley*, 34 *Vroom* 307, rather than by the decision in *Williams* v. *Leisen*, 43 *Id.* 410.

We think the trial judge was right. In Alexander *v.* Brogley, "the defendants did not know they were signing contracts, and therefore were not called upon to exercise that vigilance which such a transaction reasonably demands." Here the defendant knew he was signing a contract of some kind, and the representation of the plaintiffs' agent, although not a full and complete statement of the contents of the paper, was true as far as it went, and the evidence fails to show any concealment of the rest of the document. The defendant was notified that he was signing a document which would amount to a contract, and was given the opportunity to know its exact terms. He chose to sign without a full examination, and, as in Williams *v.* Leisen, must be held bound by the contract as he made it.

By the terms of the contract the plaintiffs authorized the defendant to guarantee the goods to give satisfaction and agree to return the cost price or furnish new goods, and at the trial the defendant proved that before the execution of the written contract the plaintiffs' agent agreed to furnish certain forms of contract, to be supplied to purchasers of the goods, and to do certain advertising. The failure to carry out this oral agreement of the agent is urged as a defence. The written contract, however, cannot be varied by evidence of this character. These statements of the agent may have induced the defendant to make the contract, but they form no part of it as finally signed.

The judgment must be affirmed, with costs.