## THE MINNEAPOLIS THRESHING MACHINE COMPANY, a Corporation, Appellant, v. JOSEPH HUNCOVSKY, Respondent.

(194 N. W. 830.)

**Appeal and error — foreclosure suit with advice or a verdict not in action "tried without a jury" authorizing new trial on appeal.**

1. Following Emery v. First Nat. Bank, 32 N. D. 575, and prior decisions, it is *held* that an action to foreclose a mortgage in which a jury is called to find a part or all of the facts is not "an action tried . . . without a jury," within the meaning of § 7846, Comp. Laws 1913, as amended by chapter 8, Laws 1919, and is therefore not governed by that statute as to the manner of review upon appeal.

**Appeal and error — failure to present issue of breach of warranty held reversible error.**

2. For reasons stated in the opinion, it is *held* that the failure to determine a material issue presented by the pleadings and evidence is error which requires reversal of the judgment.

Opinion filed July 19, 1923.

Appeal and Error, 4 C. J. § 2647 p. 726 n. 17; § 3011 p. 1027 n. 90.

From a judgment of the District Court of Morton County, *Lembke*, J.

Plaintiff appeals.

Reversed and remanded for a new trial.

*Lawrence, Murphy & Nilles,* for appellant.

"It is well settled that a person who signs an instrument without reading it, when he has the opportunity to read it and can read, cannot avoid the effect of his signature merely because he was not informed

of its contents." 12 R. C. L. p. 386; Standard Mfg. Co. v. Slot, 121 Wis. 14, 98 N. W. 923, 105 Am. St. Rep. 1016; Pratt v. Metzgar (Ark.) 95 S. W. 451; Quimby v. Shearer, 56 Minn. 534, 58 N. W. 155; Sanborn v. Sanborn, 104 Mich. 180, 62 N. W. 371.

We concede that it is the general rule that trial courts are vested with a proper judicial discretion regarding the allowance or refusal of amendments of pleadings and their rulings will not be disturbed unless an abuse of such discretion is shown. Flamer v. Johnson, 36 N. D. 214; Beachamp v. Retail Merchants Asso. 28 N. D. 483.

"Pleadings are for the purpose of advising the parties to an action what the opposite party relies on, that he may be ready to meet it in evidence on trial." Parliman v. Young, 2 Dak. 175, 4 N. W. 143; Marshall v. Haney, 9 Gill. 258; Hong Sling v. Scottish Union & Nat. Ins. Co. 7 Utah, 441, 27 Pac. 171; Blum v. Bruggemann, 58 App. Div. 377, 68 N. Y. Supp. 1066.

"Pleadings are presumed to be statements in legal form of those facts constituting the charge or defense of the party, by means of which issues between the parties to be tried are defined, and are necessary to inform the court what issues are raised and which are proper." Cook v. Merritt, 15 Colo. 212, 25 Pac. 177.

"Pleadings are the allegations made by the parties to a civil or criminal case, for the purpose of definitely presenting the issues to be tried, and to determine between them." Tucker v. United States, 151 U. S. 164, 38 L. ed. 112, 14 Sup. Ct. Rep. 299, 301.

"Under the civil law there was on a sale for a fair price an implied warranty of title and that the goods sold were sound, but under the common law there is a clear distinction between the responsibility of the seller as to title and as to quality; the former he warranted, the latter, if the purchaser had opportunity to examine, he did not." 2 Kent, 487; 1 Bouvier's Law Dict. p. 438; Barnard v. Kellogg, 10 Wall. 383, 19 L. ed. 987; James v. Bocarg, 49 Ark. 289; Hight v. Bacon, 126 Mass. 12, 30 Am. Rep. 640.

*Norton & Kelsch*, for respondent.

That where in the trial of an equitable notion a jury is called and certain issues are submitted to and are tried by a jury, the procedure governing trials by jury in civil cases and the practice applicable thereto in appeals therefrom to the supreme court, applies to and must con-

trol the procedure on appeal in the case at bar, and that the rights of the appellant in the supreme court must be determined thereby. Peckham v. Van Bergen, 8 N. D. 597.

"We are confronted by the fact that this is an equity case in which a jury was called to determine issues of fact. In such cases as has been shown the ordinary rules of evidence are applicable and this court does not sit to try these de novo." Peckham v. Van Bergen, 8 N. D. 597.

"It is true in an equitable action that the case is in fact tried by the court, for the court ultimately finds the facts, approving or rejecting the jury's findings, but even so it is not a case tried without a jury when a jury is called. It must be held, therefore, that an equity action in which a jury finds part or all of the facts is not an action tried without a jury, within the meaning of § 5630, and is therefore not governed by that section, either as to the manner of trial in the district court or as to the review in this court upon appeal." Spencer v. Biseker, 15 N. D. 143.

"If the motion for judgment notwithstanding the verdict be denied, the supreme court on appeal from the judgment may order judgment to be entered when it appears from the testimony that a verdict should have been so directed." Norton v. Wright, 43 N. D. 116; 2 Hill's Dig. p. 87; First State Bank v. Kelly, 30 N. D. 84; Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958; Marquardt v. Rubner, 77 Minn. 442, 70 N. W. 617.

The appellant asserting error has the burden of proving it and must present a record affirmatively showing such error. Erickson v. Wiper, 33 N. D. 195; Jenson v. Clauson, 34 N. D. 637-643; State v. Glass, 29 N. D. 620; Ruber v. Seizler, 37 N. D. 556; Hohler v. Amodt, 31 N. D. 23; International Harvester Co. v. Thomas (N. D.) 176 N. W. 523.

"The rule is well settled that an objection upon one ground does not go to other grounds not stated, and is a waiver of all grounds of objection not specified." Petrie v. Weyman, 35 N. D. 149.

CHRISTIANSON, J. This is an action to foreclose a chattel mortgage securing the payment of a note in the sum of $750, executed and delivered by the defendant to the plaintiff. The complaint is in the usual

form.    The defendant in his answer asserted that the note in question was executed and delivered in payment of a certain tractor and plows; that the tractor was sold under an express warranty that the same "was in sound and good working condition and that the work done thereby would be just as good as a new tractor;" that such representations and warranties were false and untrue; that upon discovery of their falsity and upon plaintiff's failure to comply with its representations and express warranties, the defendant canceled, rescinded and terminated said contract in all things.    The defendant interposed a reply denying the matters set forth in the answer and averring that the machinery in question "was sold by the plaintiff to the defendant under and by virtue of the terms of a certain written order and contract containing all the terms and agreements of said sale, and that it was expressly understood and agreed that said machinery was sold without any warranty whatsoever;  .  .  .  that the defendant prior to said sale fully examined said property prior to the delivery thereof and knew its quality and character and accepted the same without any warranty whatsoever and agreed that said property was sold without any warranty, statutory, express or implied, and that the said defendant by an instrument in writing released the plaintiff from any claim for breach of warranty or any other claim whatsoever."

When the case was called for trial in the district court the defendant asked that a jury be empanelled and the issues of fraud and breach of warranty submitted to the jury for an advisory verdict.    The request of the defendant was granted over the objection of plaintiff's counsel.    After the trial had commenced, in fact, after plaintiff had rested, and during the introduction of evidence by the defendant, defendant applied for leave to amend the answer.    The application was granted and the answer amended so as to completely eliminate the theory of rescission and to claim damages for breach of warranty.

Plaintiff's counsel opposed the application to amend the answer on the grounds that the proposed amendments set up an entire new defense and counterclaim; that the plaintiff had prepared to try the issues framed by the original pleadings and was surprised by the proposed amended answer and unprepared to refute the new matter in the amended answer; that in order to properly try the question of breach of warranty it would be necessary for the plaintiff to have the testi-

49 N. D.—69.

mony of expert witnesses and of persons who could testify as regards the particular tractor in question, including the former owner from whom the plaintiff had secured the same; that in the event the objection was overruled and the application for leave to amend granted, the plaintiff be granted a continuance so as to enable it to secure the necessary witnesses and evidence.

The jury returned a verdict in favor of the defendant awarding damages in the sum of $863.40. Thereafter the trial court made findings in favor of the defendant and ordered judgment in accordance with the verdict. Judgment was entered accordingly and the plaintiff has appealed.

On this appeal plaintiff asks for a trial de novo. He, also, specifies certain rulings of the trial court as error, and presents specifications of alleged insufficiency of the evidence to sustain the verdict of the jury and the findings of the court.

This court cannot try the case anew. It is well settled that the statute permitting equity cases to be tried anew in this court applies only in cases tried in the district court without a jury, and has no application to equity cases wherein a jury is called to pass upon all the issues, or some issue, of fact. Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 759; Spencer v. Beiseker, 15 N. D. 140, 107 N. W. 189; Merritt v. Adams County Land & Invest. Co. 29 N. D. 496, 151 N. W. 11; Emery v. First Nat. Bank, 32 N. D. 575, 156 N. W. 105.

Plaintiff asserts that the trial court erred in permitting the defendant to amend his answer as hereinabove referred to. The allowance of amendments is a matter resting in the sound judicial discretion of the trial court and its rulings in regard thereto will not be disturbed except where it clearly appears that the judicial discretion has been abused. Leach v. Nelson, 48 N. D. 1046, 189 N. W. 251. The discretion so vested, however, is not arbitrary and is to be exercised in furtherance of justice. See Comp. Laws 1913, § 7482; 31 Cyc. 362, 391.

While in this case we find it unnecessary to determine whether the permission to amend the answer constituted an abuse of discretion and is such error as to require a new trial, we deem it proper to say that the allowance of amendments under the conditions here disclosed is not to be commended. This action was commenced in November 1920.

Defendant's answer was interposed in December 1920, and the reply served in January 1921. The case was not brought on for trial until March 20th, 1922, or more than fourteen months after the reply had been interposed. No showing whatever was made by the defendant in support of the application for leave to file the amended answer. It would seem that under the circumstances the application for leave to amend the answer should not have been allowed without granting plaintiff a continuance for a reasonable length of time. 31 Cyc. 391; 9 Cyc. 122.

In order to consider the other errors assigned on this appeal, we deem it necessary to refer to the evidence adduced upon the trial. The evidence shows that some time in June, 1919, one Tibesar, an agent of the plaintiff company, and the defendant entered into certain negotiations with the result that thereafter and on or about July 17, 1919, a written order prepared by plaintiff's said agent was signed by the defendant. By the terms of such order defendant ordered from plaintiff and agreed to purchase from it a certain tractor and a set of plows. The order recited that the machinery described therein was second-hand and not of a kind manufactured by the plaintiff. It also stated the purchase price thereof to be $750; and that defendant agreed to execute and deliver a note in that sum payable November 1, 1920. The undisputed evidence, however, is to the effect that such note was not the only consideration to be paid by the defendant for the tractor and plows. It is undisputed that the defendant also agreed to deliver, and actually did deliver, to the plaintiff's agent, Tibesar, a certain Avery truck and set of plows. The order makes no reference whatever to such truck and plows, and is wholly silent on the question of warranties. Certain provisions in the written order to the effect that the machinery therein ordered is not warranted at all were stricken out. The order provides that the tractor and plows are to be shipped "as soon as repaired." It appears, however, that for certain reasons the outfit was not shipped at all during the summer or fall of 1919. During the following winter, and on or about January 1920, further negotiations were had and the note and mortgage in suit were executed at that time, although they are dated July 19, 1919. On or about April 24th, 1920, the defendant was in Bismarck and at that time had further negotiations with plaintiff's agent, Tibesar. At this time the defendant signed a written in-

strument wherein he stated that he had fully examined the property prior to the delivery thereof; that he knew its quality and character and accepted the same in the condition it then was without any warranties whatsoever. This instrument further stated that this property had been sold and delivered to him on that date.

The tractor and plows were shipped and arrived at Fort Rice on or about April 25th, 1920. The evidence adduced by the defendant tends to show that the tractor did not work; that the defendant expended certain sums in payment of freight charges and in repairing the tractor; that thereafter and on or about May 4th, and again on June 8th, 1920, the defendant served written notice of rescission, stating that the contract was rescinded for the reason that the tractor failed to comply with the representations and warranties of the plaintiff; and the defendant asked for a return of the truck and plows which he had delivered to plaintiff's agent and also for a return of the note and mortgage in suit. The evidence also shows that during a certain conversation thereafter had plaintiff's agent did offer to take the tractor back and to return to the defendant the truck and plows and the note and mortgage in suit, but defendant claims that this offer was not unconditional —that plaintiff's agent attached thereto the condition that the defendant pay all the freight charges.

In the instructions to the jury no attempt was made to state the specific issues submitted further than to give a general charge on the questions of fraud and breach of warranty. No instruction was given and no finding made by the jury, nor is there any finding by the court in this case, with respect to the written instrument signed by plaintiff on April 24th, 1920. The case was tried on the theory that plaintiff was guilty of fraud and misrepresentation in obtaining defendant's signature to the order signed and dated July 19, 1919; that consequently that order was not binding on the defendant and that the defendant might prove the contract as it actually existed. So far as can be gathered from the instructions to the jury and the findings of the trial court, that was the theory on which the case was tried and determined.

In our opinion the issue of fraud so tried and deemed a controlling one, does not, in fact, exist in this action. The evidence in this case shows without contradiction that the defendant speaks, reads and writes the English language perfectly. There is not the slightest evidence to

indicate that he did not have every opportunity to read the order which he signed. He had a copy of the order in his possession from July 17th, 1919, until January 1920, before he signed and delivered the note and mortgage involved in this action. In the circumstances here shown the defendant is clearly bound by the instrument which he signed. 12 R. C. L. 386; Standard Mfg. Co. v. Slot, 121 Wis. 14, 105 Am. St. Rep. 1016, 98 N. W. 923; Alexander v. Ferguson, 73 N. J. L. 479, 63 Atl. 998.

It does not necessarily follow, however, that the defendant is precluded from introducing evidence of the warranties which he claims were made, for it is well settled that the general rule prescribed by § 5889, Comp. Laws 1913, that " 'the execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument,' does not preclude proof of the existence of any separate oral stipulation or agreement as to any matter on which the written contract is silent, and which is not inconsistent with its terms, if, from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them." Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93. See also 3 Horwitz's Jones, Ev. pp. 174, 175, § 439; Williston, Sales, § 215; Boynton Furnace Co. v. Clark, 42 Minn. 335, 44 N. W. 121; Krueger v. Dulas, ante, 542, 191 N. W. 1014. We believe that this rule is applicable as regards the alleged warranties here. It seems clear that the parties did not intend the written order of July 17, 1919, to be a final and complete statement of the whole transaction between them. Both parties found it necessary to resort to parol evidence in order to establish the actual agreement between the parties. Printed provisions to the effect that the machinery was not warranted at all were stricken out before the order was signed. In other words, under the circumstances of the case, the alleged agreement as to warranty covers a matter not inconsistent with the terms of the written document,—a matter which the parties did not intend the written document to cover at all.

In this case, however, the rights of the parties do not rest upon and are not controlled by the written order alone. According to the evidence adduced by both sides the original written order was supple-

mented, if not superseded, by subsequent negotiations and agreements. The written order clearly contemplated that the machinery therein described should be delivered to the defendant within a short time. It is undisputed, however, that such machinery was not delivered until more than nine months after the order was executed. It is also undisputed that interim the execution of the order and the delivery of the machinery other and further negotiations were had between plaintiff's agent, Tibesar, and the defendant. During one of such conversations the question of rescission was discussed and some proposition made by the plaintiff with respect thereto,—although the parties differ as to the exact terms of the proposition made. During the last negotiation had prior to the shipment of the machinery, namely, the one had on April 24th, 1920, the defendant executed and delivered a certain written instrument, the terms of which have already been stated. It would seem, therefore, that the rights of the parties in this case are not necessarily controlled by the original written order, but by the actual agreement between the parties as eventually consummated. Guild v. More, 32 N. D. 432, 455, 456, 155 N. W. 44. The contention advanced by the plaintiff that it is not bound by the acts of its agent, Tibesar, as regards these subsequent transactions, is, in our opinion, untenable in the circumstances of this case. See Westby v. J. I. Case Threshing Mach. Co. 21 N. D. 575, 132 N. W. 137; Comptograph Co. v. Citizens Bank, 32 N. D. 59, 70, 155 N. W. 680; Boynton Furnace Co. v. Clark, supra. Testimony was adduced on the part of the plaintiff to the effect that during the negotiations had on April 24th, 1920,—and prior to the execution of the instrument signed by defendant on that day,— plaintiff's agent, Tibesar, stated to the defendant that he (defendant) would have to take the tractor as it then stood, and without any warranty whatever, or that he (Tibesar) would return the truck and plows to the defendant and surrender to him the note and mortgage in suit; that defendant agreed to take the tractor and plows without warranty and in the condition in which they then were and executed the instrument referred to in evidence of such agreement. If an agreement such as plaintiff claims was made between the parties on April 24th, 1920, then manifestly the defendant is not entitled to prevail in this case. The defendant on the other hand denies that he at any time agreed to accept the machinery without warranty. He asserts that in every con-

versation had with plaintiff's agent, Tibesar, he (Tibesar) made the same representations and warranties, and that he (defendant) agreed to purchase the machinery in reliance thereon. He asserts that such representations and warranties were made by plaintiff's agent, Tibesar, in the conversations had prior to the signing of the order on July 17th, 1919; also, at the time of the execution of the note and mortgage in January 1920, and again during the negotiations had on April 24th, 1920. The defendant further claims that he had no opportunity whatever to read the instrument which he signed on April 24th, 1920; that plaintiff's agent Tibesar, presented it to him for execution as he (defendant) was boarding the train; that he had no time or opportunity to read it at all and that he signed it in reliance on the representations of plaintiff's agent as to its purpose and contents.

It will be noted that there is a direct conflict in the evidence as regards the instrument executed April 24th, 1920. In its reply the plaintiff pleaded such instrument as a defense to the alleged breach of warranty. As has been indicated, however, the issue so presented was neither submitted to the jury nor determined by the trial judge. In other words, we have a situation where a material issue raised by the pleadings and presented by the evidence is left wholly undetermined. The plaintiff was entitled to have this issue determined, and the failure of the trial court to do so is error which requires a reversal of the judgment and a new trial. Spencer v. Beiseker, 15 N. D. 140, 107 N. W. 189.

There seems to have been more or less confusion upon the trial as regards the basis for computation of damages, and in view of a new trial we deem it proper to make some observations in regard thereto. One who is defrauded by a false statement which induces him to enter into a contract, "on discovery of the fraud, . . . is given the option of rescinding or affirming the transaction. In case of rescission, he is required to act promptly on discovery of the fraud. In such case, the contract ceases to exist for any purpose, and the parties stand in the same position as though it had never been made, and hence, it is necessary that they be placed in the same position in which they were before the transaction took place. Therefore the party defrauded, in such case, is entitled to recover back whatever consideration he parted with, but he must, also, return or offer to return to the other party whatever

he received. In case of affirmance, he retains what he received, and is entitled to be compensated for the damages he sustained by reason of the false representation. That is, the wrongdoer will be compelled to pay damages equal to the difference in value between what he gave and what he represented he would give." Guild v. More, 32 N. D. 432, 454, 155 N. W. 44.

The judgment appealed from is reversed, and a new trial ordered.

BRONSON, Ch. J., and BIRDZELL, NUESSLE and JOHNSON, JJ., concur.