## DAVID MANTZ, Respondent, v. WILLIAM G. FISCHER and Jacob Remmich, Appellants.

(200 N. W. 795.)

**Evidence — parol evidence that notes were payable only from net earnings of threshing outfit held inadmissible.**

1. In an action by the payee against the makers of promissory notes, it is

*held:* Parol evidence that money represented by the notes was to be payable only from the net earnings of a threshing outfit was inadmissible as varying the terms of a written contract.

**Pleading — refusal to permit amendment to answer after rendition of verdict not error.**

2. For reasons stated in the opinion, it is held that the trial court did not err in refusing to permit the answer to be amended after the trial.

Opinion filed November 1, 1924.

Evidence, 22 C. J. § 1669 p. 1255 n. 55. Pleading, 31 Cyc. p. 404 n. 27, 34, 35.

Appeal from the District Court of Stutsman County, *Jansonius,* J. Affirmed.

*John A. Jorgenson,* for appellants.

*Knauf & Knauf,* for respondent.

BIRDZELL, J. This is an appeal from a judgment for the plaintiff which was entered pursuant to a motion for judgment non obstante. The action is brought by the payee of two renewal notes: one for $707.00 dated November 8, 1920 and payable on or before September 1, 1921; the other for $700.00 dated November 8, 1920 and payable on or before September 1, 1922. The defendants were credited with certain payments on these notes and with an amount realized upon the foreclosure of a chattel mortgage. The judgment is for $537.00 and costs. Upon the trial certain evidence was introduced by the defendants tending to prove that the notes were taken to represent deferred payments of the purchase price of a certain threshing outfit and that there was an oral agreement that they were to be paid solely out of the net profits obtained by the defendants in operating the threshing rig. The evidence to the latter effect all went in over objections of plaintiff's counsel that it was inadmissible as tending to contradict and vary the terms of a written contract. In pursuance of this evidence, the jury rendered a verdict for the defendant, but later, upon the plaintiff's motion for judgment notwithstanding the verdict, the trial court, being of the opinion that such evidence was not properly admissible, set aside the verdict and entered judgment for the plaintiff, non obstante. This ruling of the trial court and another ruling refusing leave to amend the answer present the sole questions involved in the present appeal.

We are clearly of the opinion that the evidence objected to was improperly received and that the trial court's ruling on the motion for judgment non obstante, which in effect corrected the error, was proper. The notes upon their face represented a balance of the agreed purchase price of the property purchased. They contain unconditional promises to pay their respective amounts at the times stated therein in money. If the contract were as stated in the evidence of the defendants' witnesses, it would clearly be repugnant to the obligations expressed in writing in the notes. The effect of such testimony, therefore, is to establish the contract to be entirely different from the written instruments. Hence, it is inadmissible. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044, and cases cited on page 95 of the opinion therein. We are of the opinion that there is no merit to the contention that this evidence was admissible as tending to show the consideration or that there was a partial failure of consideration. The consideration shown in this instance was the sale of the threshing machine.

Neither, in our opinion, is there any merit to the contention that the lower court erred in not permitting the answer to be so amended as to convert the defense into an equitable cause for the reformation of the contract. This amendment was not offered until after the verdict was rendered and about the time of the hearing on the motion for a judgment non obstante. There is no suggestion in the evidence that the parties labored under any misapprehension as to the terms of the notes they were signing, nor that there was any mutual mistake relative to the subject matter thereof. The case was tried on the theory that notwithstanding the notes in their present form had been knowingly given, the defendants were entitled to show the conditional promise to pay. The court was clearly justified in disposing of the action upon the theory upon which it was tried, and it was not an abuse of discretion to decline to permit an amendment that did not conform either to that theory or to the evidence.

Judgment affirmed.

BRONSON, Ch. J., and JOHNSON, CHRISTIANSON, and NUESSLE, JJ., concur.