RAY V. STAIR and Albert Pederson, a Copartnership, Doing Busi-
ness under the Firm Name and Style of Stair & Pederson, Re-
spondents, v. EVA HIBBS, Appellant.

(204 N. W. 621.)

**Contracts — parol evidence not admissible to vary terms of written contract.**

1. Parol evidence is inadmissible to vary or contradict the terms of a written
contract as between the parties thereto.

**Appeal and error — party must make offer of proof before assigning error
on objections sustained to question, competency of which is not appar-
ent on its face.**

2. A party must offer to prove the facts sought to be elicited from a witness
before he can assign error upon an objection sustained to a question, the com-
petency of which is not apparent upon its face.

**Evidence — collateral oral agreement admissible made prior to or at time
of written contract must relate to distinct subject matter.**

3. In order that proof of an oral agreement collateral to that expressed in
the writing and made prior to or at the time of the written contract, may be
admissible, it must appear that such agreement related to a subject matter dis-
tinct from that to which the writing relates.

**Contracts — party, induced by fraud to enter into contract, has option to
affirm or rescind, but cannot affirm in part.**

4. A party who has been induced by fraud to enter into a contract, on the
discovery of the fraud, has the option of affirmance or rescission. Where he
affirms the contract he validates the entire contract. He cannot affirm in part
and rescind in part.

Opinion filed June 6, 1925. Rehearing denied June 27, 1925.

Appeal and Error, 3 C. J. § 736 p. 825 n. 53. Contracts, 13 C. J. § 682 p. 623
n. 80. Evidence, 22 C. J. § 1459 p. 1098 n. 96; § 1666 p. 1254 n. 44.

Note.—(1) Admissibility of parol evidence to vary, add to or alter a written in-
strument, see annotation 17 L.R.A. 270; 10 R. C. L. 1016; 2 R. C. L. Supp. 1139; 4
R. C. L. Supp. 686; 5 R. C. L. Supp. 582.

(2) Necessity of statement of proposed evidence to assign error upon exclusion
of testimony, see 2 R. C. L. 78.

(3) Admissibility of parol collateral agreement, see 10 R. C. L. 1036; 2 R. C. L.
Supp. 1143; 4 R. C. L. Supp. 687; 5 R. C. L. Supp. 584.

(4) Option to affirm or rescind fraudulent contract-partial rescission, see 6 R. C.
L. pp. 932, 936; 2 R. C. L. Supp. pp. 248, 249; 5 R. C. L. Supp. 380.

Appeal from the District Court of Burleigh County, *Jansonius*, J. Affirmed.

*Joseph Coghlan* and *F. O. Hellstrom*, for appellant.

*O'Hare & Cox*, for respondents.

NUESSLE, J. This is an appeal from a judgment of the district court of Burleigh county for the foreclosure of a conditional sales contract and a mechanic's lien.

The plaintiffs are engaged in the automobile business at Bismarck. They sell automobiles on deferred payments. They finance these transactions through a concern known as the General Motors Acceptance Corporation. On July 2nd, 1923, the plaintiffs sold a coupe to the defendant, Eva Hibbs, for $1,832.50. The defendant traded in as a part payment on the car bought, a certain automobile which she then had in her possession, and in addition thereto paid the sum of $16.50 in cash. The balance of the purchase price she agreed to pay in twelve monthly installments of $93.00 each, the first of which was to be paid on August 2nd. The sale contract provided that the property should not pass to the purchaser until the purchase price was fully paid. In event of default of any payment, the full amount remaining unpaid on the contract might, at the election of the seller, be declared immediately due and payable, and the seller might take possession of the property, sell the same at public sale, and apply the proceeds of such sale upon the purchase price unpaid. The contract further provided that, "no warranties have been made by the seller unless indorsed hereon in writing." The coupe was delivered over to the defendant. The plaintiffs, under their arrangement with the General Motors Acceptance Corporation, indorsed the contract over to such corporation. There was a slight error in stating the amount of the initial payment and the Corporation for that reason returned the contract with a direction that it be corrected to conform exactly to the transaction as had. The original contract had been filed in the office of the Register of Deeds. There would be, therefore, some difficulty in making the correction. Accordingly, a new contract, identical in all respects with the original contract of July 2nd, except as to the correction required, was drawn and signed by all the parties on July 12th. It appears that the defendant had some complaint to make of

the car and brought it in on several occasions to have certain adjustments made. After the contract of July 12th was entered into, it was recorded, and the contract of July 2nd was marked "cancelled." The defendant continued in possession of the coupe until the 29th day of December, 1923. She treated it as her own. During the time she had it she ran it something over 6,000 miles. On the 29th day of December, the coupe was badly damaged in a collision and was thereafter brought to the plaintiffs for repairs. The defendant made her monthly payments up to and including the month of March, 1924, so that at the time the action was brought there were but four payments remaining to be made. The plaintiffs repaired the coupe and the defendant refused to pay the amount demanded for the repairs. The plaintiffs claimed the right to possession of the coupe on account of a lien for the repairs so made. In May, 1924, the defendant having failed to make the payments as required by the sale contract, plaintiffs brought this action to foreclose on account of the default in such payments and to foreclose the mechanic's lien as against the interest of the defendant in the car on account of the repairs so made. The defendant, answering the first cause of action, admitted the making of the contract sought to be foreclosed and her default thereunder. She set up, however, various counterclaims; among others, one for damages on account of breach of warranty, and a second for damages on account of fraud and false representations. In her first counterclaim, she alleged that when she bought the car in question, the plaintiffs made many and various express warranties and representations as to the character and quality thereof. That they agreed that if it did not comply with the warranties and representations so made, to replace it with another which would do so. That such warranties and representations were not complied with. That the coupe was unsatisfactory. That accordingly she returned it and the contract was cancelled. That the return of the coupe was accepted by the plaintiffs who agreed to substitute in exchange for it, a sedan, and the defendant agreed to accept such sedan and to pay the difference in price which was not to exceed $100. That whatsoever was thereafter done by the defendant in making payments or in the use of the coupe was done by her under the terms of this agreement. That the plaintiffs had no sedan on hand at the time the agreement was made, and the defendant was to

use as her own until such time as the sedan could be procured the coupe originally bought, and that such use as she made thereof was under such agreement. She further alleged that plaintiffs failed and refused to provide her with a new car.

The defendant, for her second counterclaim, realleged the various warranties and representations as to the character and quality of the coupe set out in her first counterclaim. She further alleged that such .representations were false and fraudulent and known by the plaintiffs to be so. That she relied upon and was induced to enter into the contract in question by such false and fraudulent representations on the part of the plaintiffs respecting the coupe and demanded damages on account of such deceit. She also pleaded certain other alleged counterclaims, but these need not be considered for the reason that they were abandoned.

As to the plaintiff's second cause of action, the defendant admitted that there had been an accident and injury to the coupe; that the same had been taken to the plaintiffs for repairs and had been so repaired, and alleged that the contract in that respect was an express contract, under which she had promised and agreed to pay for such repairs the sum of $100, and that she was ready and willing to make such payments when the contract on the part of the plaintiffs had been fully performed and complied with. The plaintiffs replied to the answer of the defendant denying generally the matters and things therein set out, excepting such as were consistent with the allegations of the complaint, and alleged further that so far as any warranties and representations were concerned, the defendant was estopped to rely upon the same.

On the issues as thus made, the case came to trial before the district court of Burleigh county without a jury. Evidence was offered in support of the contentions of the respective parties and the trial court made its findings of fact in accordance with the contentions of the plaintiffs on the first cause of action and ordered judgment of foreclosure as prayed for. On the second cause of action, the trial court also found for the plaintiffs and ordered a foreclosure of the mechanic's lien but only for the amount of $100, the amount admitted by the defendant. Judgment was entered on the order of the trial court made on these findings and conclusions. From such judgment

the defendant has perfected the present appeal to this court and demands a trial de novo.

On this appeal, we need give little attention to the second cause of action. The judgment was ordered for the amount which the defendant concedes that she agreed to pay. The plaintiffs are satisfied with the judgment as entered. If the judgment is correct as respects the first cause of action, the judgment as entered on the second cause of action will stand. If it is not, and the contentions of the defendant are sustained to the effect that she had rescinded the contract, and had returned, and was not the owner of the coupe which was repaired, then and in that event, the judgment of foreclosure on the second cause of action must be reversed.

While there was a conflict in the evidence, the facts as stated in the opening paragraphs of this opinion were substantially proved. The defendant is an intelligent and competent woman. She understands, reads and writes English. She admits she signed both the contracts voluntarily and that no subterfuge was resorted to to induce her to do so. Neither was anything done to prevent her from reading the contracts or informing herself of their contents. She says she signed the second contract believing that it involved the sedan and not the coupe and has no other excuse for having signed it. She admits that she used the coupe during all of the time from July to the time of the accident in December, and during that time ran it over 6,000 miles. She continued to make the monthly payments required by the contract during these months when she was using the car and thereafter for several months while it was in the garage for repairs. Her explanation of her conduct in these respects is, that under the agreement as made when she signed the second contract she was to have the use of the car until such time as the plaintiffs were able to procure and turn over the sedan to her. On the other hand, the plaintiffs deny the making of any such agreement. They assert that the second contract was signed because of the clerical error in the first contract and for no other reason. They further assert that the defendant never tendered a return of the car or advised them that she wished to do so. All of the facts and circumstances substantiate the contentions of the plaintiffs and are inconsistent with the contentions of the defendant as to the character and terms of the transaction

as well as with her claim of rescission of the contract. The only conclusion possible from the record is, that the contract of July 12th was substituted for and was intended by the parties to be substituted for the contract of July 2nd because of the error in the latter, and that it was not the intention of the parties to deviate from its terms and conditions.

During the course of the trial the defendant sought to elicit testimony as to statements and representations made by the plaintiffs to the defendant prior to the signing of the original contract on July 2nd. The plaintiffs invoking the parol evidence rule, objected to this testimony on the ground that such statements and representations were oral and preliminary to the written contract finally entered into and were merged in such contract. This objection was sustained. There was no error in this ruling of the trial court. Both the contracts, that of July 2nd and that of July 12th expressly provided that no warranties were made unless they were indorsed upon such contracts. None were so indorsed. Whatever may have been said prior to the making of such contracts preliminary to the final agreement, was merged in the written instrument. Section 5889, Comp. Laws, 1913, provides: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." No rule is better established than that parol evidence is inadmissible to vary or contradict the terms of a written contract as between the parties thereto. This rule has been considered by this court and applied in numerous cases. See Johnson v. Kindred State Bank, 12 N. D. 336, 96 N. W. 588; Reeves v. Bruening, 13 N. D. 157, 100 N. W. 241; Dowagiac Mfg. Co. v. Mahon, 13 N. D. 516, 101 N. W. 903; Alsterberg v. Bennett, 14 N. D. 596, 106 N. W. 49; Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Gilbert Mfg. Co. v. Bryan, 39 N. D. 13, 166 N. W. 805; Streeter v. Archer, 46 N. D. 251, 176 N. W. 826; Minneapolis Threshing Mach. Co. v. Huncovsky, 49 N. D. 1086, 194 N. W. 830; National Cash Register Co. v. Creamery, 49 N. D. 441, 191 N. W. 762; Mantz v. Fischer, 51 N. D. 685, 200 N. W. 795. It seems

clearly apparent that the evidence sought to be elicited was inadmissible under the statute and authorities above set out.

Counsel for the defendant, however, insist that fraud was pleaded. That the purpose of the inquiry was not only to establish warranty, but to show false and fraudulent representations on the part of the plaintiff, which were relied upon by the defendant and which induced her to enter into the contract in question. Defendant concedes the rule applied in the cases last above cited but insists that in cases of fraud or mutual mistake it is not applicable, and further, that in any event collateral agreements may always be shown.

In the first place, the defendant is not in a position to urge error on account of the ruling complained of. A party complaining of error has the burden of establishing the same and that prejudice resulted therefrom. Here, it does not appear that there was any prejudice resulting on account of the ruling complained of. There was no offer of proof. Neither was the court's attention drawn to the purpose now claimed by the defendant for the testimony proffered. Unquestionably, the ruling was correct, considering the testimony sought to be introduced as proffered in support of the first counterclaim for breach of warranty. When the ruling was made, counsel for the defendant stated that the matter would be dropped for the time being and later taken up. However, this was not done, and in the absence of an offer of proof, the court was justified in the ruling. This court has many times held that a party must offer to prove the facts sought to be elicited from a witness before he can assign error upon an objection sustained to a question, the competency of which is not apparent upon its face. See Halley v. Folsom, 1 N. D. 325, 48 N. W. 219; Farmer v. Holmes, 35 N. D. 344, 160 N. W. 143; Madson v. Rutten, 16 N. D. 281, 13 L.R.A.(N.S.) 554,113 N. W. 872; Bristol & S. Co. v. Skapple, 17 N. D. 271, 115 N. W. 841; State v. Schonberg, 24 N. D. 532, 140 N. W. 105; Montana Eastern R. Co. v. Lebeck, 32 N. D. 162, 155 N. W. 648; Foot, Schulze Co. v. Skeffington, ante, 307, 202 N. W. 642.

Furthermore, though the defendant had, by offer of proof, fully apprised the court of the purpose and purport of the testimony sought to be elicited and that she expected to establish representations regarding the character and quality of the car made anterior to the mak-

ing of the written contract of July 2nd, which were false and fraudulent, nevertheless, there was no error in the ruling complained of. Under the circumstances as disclosed by the record there is no merit to the defendant's contention that the representations and warranties as to the character and merits of the car constituted a separate collateral agreement. Such warranties and representations had to do with the coupe, the subject matter of the contract, and were covered by the contract as entered into. The parties contracted that no warranties with respect thereto were made unless indorsed upon the written contract. In order that proof of an oral agreement collateral to that expressed in the writing and made prior to or at the time of the written contract may be admissible, it must appear that such agreement· related to a subject matter distinct from that to which the writing relates. See Johnson v. Kindred State Bank, supra; Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93; Streeter v. Archer, 46 N. D. 251, 176 N. W. 826; Minneapolis Threshing Mach. Co. v. Huncovsky, 49 N. D. 1086, 194 N. W. 830; George Parks & Co. v. Howard Hotel Realty Co. (Iowa) 203 N. W. 247. Tested by this rule, it is at once apparent that the evidence in question was properly excluded.

Neither was there error, though the evidence excluded was proffered for the purpose of establishing fraud. Fraud may be shown for the purpose of avoiding a purported written contract regardless of the stipulations that are embodied in that contract. This is neither a contradiction of nor an exception to the parol evidence rule. Such evidence is admissible, not to vary or contradict the terms of the contract, but to establish that there is in fact no binding contract. It is admissible for the purpose of avoiding the writing. But under the record here, such proof could not be made. Where a contract is fraudulent, the aggrieved party has his choice of remedies. He may either rescind the attempted contract and sue to recover that which he parted with in reliance upon it, or, he may affirm the contract, retain what he received and sue for damages on account of the fraud; but he cannot do both. If he affirms the contract as made, it continues in effect as a binding obligation. See Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026; Beare v. Wright, 14 N. D. 26, 69 L.R.A. 409, 103 N. W. 632, 8 Ann. Cas. 1057; Guild v. More, 32 N. D. 432, 155 N. W. 44; Rokusek v. National Union F. Ins. Co. 50 N. D. 123, 195 N. W.

300; Bauer v. National Union F. Ins. Co. 51 N. D. 1, 198 N. W. 546. In the instant case, as we have heretofore indicated, the defendant, notwithstanding the alleged fraud which she claims induced her to enter into the contract for the purchase of the coupe, retained the same for a long time after she had discovered the alleged defects in the car that she complained of. She exercised all the rights of ownership over it. She used it in all respects as her own. She did not rescind the contract and offer to return it. She saw fit to and did affirm the contract. That being the case, under the authorities above cited, the contract was in full force and effect and she was bound by it. She could not affirm in part and rescind in part. Therefore, viewed from every direction, there was no error on the part of the trial court in sustaining the plaintiffs' objection to the introduction of testimony tending to establish oral warranties and representations made prior to the execution of the written contract sought to be foreclosed in this suit. The record as made amply sustains the judgment ordered and entered. The judgment appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and BURKE, JJ., concur.