## MAUDIA M. GABRIEL, PLAINTIFF, v. LAWRENCE M. GLICK-MAN, INDIVIDUALLY, AND JEROME LIQUORS, INC., DEFENDANTS.

Decided January 28, 1947.

For the plaintiff, *Chazin & Chazin.*

For the defendants, *Fred Saperstein.*

BROWN, S. C. C.   The plaintiff moves to strike the defendants' answer on the ground that it is sham and frivolous and the separate defenses therein on the ground that they are sham and frivolous and in law do not constitute a sufficient answer. The suit is brought to recover a broker's commission alleged to be due under a contract made between the defendants and the buyer, Dicran Goulian.  The contract was in printed form with spaces which were filled by typewriting.  Newton G. Gabriel was the broker who brought about the sale and thereafter assigned his claim to the plaintiff.  The suit is based on clause 10 of the contract which provides:

"It is mutually understood and agreed between the parties that Newton G. Gabriel of No. 6701 Boulevard East, West New York, New Jersey, is the only broker who brought about this sale and is entitled to the commission hereunder at the rate of seven per cent of the purchase price to be paid by the seller."

The contract provided for the sale price of $13,500; $1,500 to be paid on the signing and delivery of the agreement of

sale and the remainder on the delivery of the bill of sale. There was a clause in the agreement by which the seller guaranteed the gross business to be $800 weekly, with a trial period of one week for the purchaser to tally the receipts and if found to be less, the purchaser was to be repaid the $1,500 deposit. Both parties agree in substance the guarantee was not fulfilled. The seller claiming that he "improvidently neglected to register about $125 worth of sales." The defendants admit they entered into the written contract and it contained clause 10 but they say they had an oral understanding with the plaintiff's assignor that his commission was to be five per centum instead of seven as written in the contract and the commission was to be paid "only if and when title to said business was passed, a bill of sale for same was actually executed and delivered, and the consideration thereof paid in full." Although the deposit of $1,500 was received by the defendants, the remainder of the purchase price was not paid as the weekly guarantee of sales was not fulfilled. The contract contained no provision as to the time the broker's commission was payable. In the separate defenses in the answer the defendants allege the broker "fraudulently, and with intent to deceive and defraud these defendants, was responsible for and did succeed in having said clause 10 drawn and worded as described in paragraph 2 of the complaint."

The broker in his affidavit, on the motion to strike, denies the allegations of fraud and the defendants in their answering affidavit explain the manner in which the fraud was alleged to have been committed at the office of the lawyer where the contract was signed as follows:

"I, (Glickman) was handed a copy of the contract and I examined the same only so far as related to the terms of the amount of the purchase price and the manner of the payment thereof, relying as I did, so far as the other terms and conditions were concerned, upon said Newton G. Gabriel, who at the time said to me 'Don't worry about the terms of the contract, I have protected you! You are the one who is paying my commission, aren't you?' I thereupon signed the contract."

There appears no power granted by the defendants to the broker to represent them, as their agent, to prepare the contract. His business was to effect a sale and that was done when the contract was signed by the parties. The statement alleged to have been made by the broker does not relieve the defendants from their liability in signing the contract. It was their duty to know what they were signing. They evidently did know for they accepted the deposit and during the trial week of sales they evidently had the contract and made no objection to the broker or the buyer. If there was a failure on their part to know the commission was seven per centum it was due to the defendant's negligence. The contract was binding between the buyer and seller and the broker has a good cause of action thereon. *R. S.* 2:26–3.6; *N. J. S. A.* 2:26–3.6; *Tapscott* v. *McVey,* 82 *N. J. L.* 35; 81 *Atl. Rep.* 348; affirmed, 83 *N. J. L.* 747; 85 *Atl. Rep.* 343; *Holt* v. *Insurance Co.,* 76 *N. J. L.* 585; 72 *Atl. Rep.* 301; *Mendel* v. *W. C. T. U.,* 1 *N. J. Mis. R.* 605. Under the law the broker was entitled to his commission when the agreement of sale was signed. What the defendants are trying to do in this case is to change and vary the terms of a written agreement by parol evidence, though they knew the kind of agreement they were signing and had full opportunity to read the contents and evidently knew when they signed it was a binding agreement between the parties thereto. There are cases where oral evidence is admissible to vary the terms of a written instrument. This case is not within that category. A rescission of a contract on the ground of fraud is indispensable only when the design is to vacate its entire obligation. In the absence of ambiguity in a written agreement which is complete, oral evidence cannot be introduced to explain or vary the agreement. If, through mistake or fraud, an agreement in writing does not express the contract which the parties intended to make, the remedy is in equity to reform it, but until it is so reformed it is unassailable by parol testimony. *Van Horn* v. *Van Horn,* 49 *N. J. Eq.* 327; 23 *Atl. Rep.* 1027. See, also, *Naumberg* v. *Young,* 44 *N. J. L.* 331. In the case last cited it was held, the only criterion of the completeness

of the written contract as a full expression of its terms is the contract itself. If the written contract purports on its face to be complete, parol evidence will not be received to add another term. The contract in the instant case was complete "on its face." The case of *Alexander* v. *Brogley,* 62 *N. J. L.* 584; 41 *Atl. Rep.* 691; affirmed in 63 *N. J. L.* 307; 43 *Atl. Rep.* 888, cited by the defendants in support of their motion does not apply to the contract now being considered. In the Brogley case the defendant was induced to sign the paper, without knowing its contents, by the representation of the agent that he wished him to sign for the purpose of ascertaining how Brogley Bros., spelled their name. The party signing had no notice he was entering into a contract. He was under no duty to read the instrument and ascertain its contents; therefore, parol evidence was held to be admissible. In the instant case the facts are different. The defendants knew they entered into a contract; they admit they had this knowledge. They had the opportunity to read the contract before signing and did so to a great extent. The case of *Dunston Litho. Co.* v. *Borgo,* 84 *N. J. L.* 623; 87 *Atl. Rep.* 334, follows the principle decided in the Brogley case, *supra,* and points out the distinctions similarily to those above stated. In *Williams* v. *Leisen,* 72 *N. J. L.* 410; 60 *Atl. Rep.* 1096, plaintiff sued on a writing to recover the price of books sold and delivered. Defendant swore he did not read the paper because the plaintiff's agent fraudulently told him he wanted some influential citizen to endorse the work and it was for that purpose he signed his name: Said the court: "it was plainly the duty of the defendant to read the instrument to inform himself of the bargain if he supposed a sale was contemplated, or to inform himself of the representations he would make to others to induce them to become purchasers if he supposed only a recommendation was in view. We think a verdict for the plaintiff should have been directed."

In *Alexander* v. *Ferguson,* 73 *N. J. L.* 479; 63 *Atl. Rep.* 998, the defendants entered into a written contract for the sale of merchandise. They attempted to prove the agent fraudulently misrepresented the paper was an agreement to

act as agent and depository for the plaintiffs and that defendant signed it without reading other than the first few lines. The court said:

"In Alexander v. Brogley, 'the defendants did not know they were signing contracts, and therefore were not called upon to exercise that vigilance which such a transaction reasonably demands.' Here the defendant knew he was signing a contract of some kind, * * * he chose to sign it without a full examination and, as in Williams v. Leisen, must be held bound by the contract as he made it * * *. The failure to carry out this oral agreement of the agent is urged as a defense. The written contract cannot be varied by evidence of this character."

The cases of *Steiner Manufacturing Co.* v. *Kochaniewicz*, 3 *N. J. Mis. R.* 437; 128 *Atl. Rep.* 608; *Paruch* v. *Rasiewicz*, 124 *N. J. L.* 356; 12 *Atl. Rep.* (2d) 141, and *Kinwell* v. *Skelly*, 130 *Cal.* 555; 62 *Pac. Rep.* 1067, preclude the admission of parol evidence to vary the terms of a written instrument on the ground of fraud. The Skelly case is quite similar to the instant case. See, also, *Barr* v. *Chandler*, 47 *N. J. Eq.* 532; 20 *Atl. Rep.* 733, where it was held, "parol evidence is not admissible to vary or contradict the terms of a written instrument and evidence of fraudulent misrepresentation as to its effect to induce its execution must be clear and convincing to warrant a disregard of its terms." On the issue presented through the third separate defense in the answer, that is to say, the plaintiff acted in behalf of both parties in the case to the detriment of the defendants without disclosing those facts to the defendant, if proven by the greater weight of the evidence, would preclude the broker from recovering his commission. *Carpenter* v. *Overland Tire Co.*, 102 *N. J. L.* 196; 130 *Atl. Rep.* 665. The rules of pleading require the pleadings to contain a precise statement of all the material facts which constitute the cause of action or the defenses thereto. The statement should be direct, precise, specific and not argumentative. Sufficient facts should be stated to apprise the adversary fairly of the stated facts which the pleader intends to prove. The third separate defense

does not appear to fulfill those requirements of procedure. *Hess* v. *Public Service,* 84 *N. J. L.* 329; 86 *Atl. Rep.* 951; *Schwartz Bros.* v. *Evening News Publishing Co.,* 84 *N. J. L.* 486; 87 *Atl. Rep.* 148.

The motion to strike the answer and all of the separate defenses is granted except the third separate defense. The defendant will be allowed until February 7th, 1947, in which to move to amend the third separate defense. If proper amendment is not pleaded within that time the motion to strike will be granted as to this defense.